J-S19038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MANUEL BAEZ, | : | |
| | : | |
| Appellant | : | No.  1032 EDA 2018 |

Appeal from the PCRA Order April 2, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003914-2016

BEFORE:  LAZARUS, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JUNE 21, 2019**

Manuel Baez (Appellant) appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm the order based upon Appellant's failure to file timely a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).  We also deny Appellant's April 19, 2019 motion in *limine* as moot.

Briefly, on December 16, 2016, Appellant pleaded guilty to third-degree murder and robbery and was sentenced to an aggregate term of 30 to 60 years of imprisonment.  He did not file a post-sentence motion or direct appeal.  Appellant filed *pro se* the instant PCRA petition, his first, on June 9, 2017.[1]  The PCRA court appointed counsel.  Subsequently, counsel filed a

_____

* Retired Senior Judge assigned to the Superior Court.

petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On March 1, 2018, the PCRA court notified Appellant of its intention to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response, and on April 2, 2018, the PCRA court dismissed Appellant's petition and permitted counsel to withdraw.

Appellant timely filed a notice of appeal. Nevertheless, we are unable to reach the merits of any issue presented by Appellant based upon Appellant's failure to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Rule 1925(b) permits a trial court to order an appellant to file with the trial court and serve upon the trial judge a concise statement of errors complained of on appeal. Pa.R.A.P. 1925(b). "Rule 1925 is a crucial component of the appellate process." **Commonwealth v. Smith**, 955 A.2d 391, 393 (Pa. Super. 2008). The purpose of the rule is "to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on

---

[1] Subsequently, Appellant attempted to amend his petition on July 28, 2017, but never sought or obtained permission of the PCRA court to do so. **See Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012) (holding that amendments to pending PCRA petitions are not self-authorizing and petitions cannot be amended simply by filing a supplemental pleading; rather, amendments are permitted only by the direction or leave of the PCRA court). He also filed another petition on July 30, 2017, while the instant appeal was pending.

appeal." ***Id.*** Thus, when a trial court orders an appellant to file a concise statement, the appellant must comply. ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (citing ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998)). Any issue not raised in a Rule 1925(b) statement is waived. "It is well settled that an appellant's failure to comply with a trial court's Rule 1925(b) [o]rder results in a waiver of all issues on appeal." ***Commonwealth v. Chester,*** 163 A.3d 470, 472 (Pa. Super. 2017) (citing ***Castillo***, 888 A.2d at 780; Pa.R.A.P. 1925(b)(4)(vii)).

In the instant case, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 30 days of the entry of the order. Rule 1925(b) Order, 4/9/2018, at 1. Thus, Appellant's concise statement was due on or before May 9, 2018. The PCRA court warned Appellant that "[f]ailure to comply with this directive may be construed as a waiver of all objections to the order, ruling, or other matter complained of."[2] ***Id.***

---

[2] This language placed Appellant on notice that failure to comply could result in waiver. ***Commonwealth v. Medina***, __ A.3d __, 2019 WL 1648115, at 3 (Pa. Super. 2019) (holding that substantially similar language sufficiently complied with Pa.R.A.P.1925(b)(3)(iv), which requires notice to appellants that failure to comply risks waiver). Further, the record indicates that the PCRA court served this order upon Appellant on April 9, 2018, and provided Appellant with a period to respond that exceeded 21 days. Rule 1925(b) Order, 4/9/2018, at 1-2; ***see Chester***, 163 A.3d at 472 (noting that the docket must indicate the date of service to an appellant; further noting that Rule 1925(b) requires at least 21 days for the appellant to respond).

- 3 -

Appellant did not comply, and on August 21, 2018, the PCRA court filed an opinion pursuant to Rule 1925(a) positing that Appellant had waived all issues for appellate review. PCRA Court Opinion, 8/21/2018, at 2. The court "decline[d] to guess which issue Appellant may want to pursue on appeal" and reiterated that issues presented to it in the PCRA petition were meritless. ***Id.***

On April 15, 2019 – over a year after he was ordered to file a concise statement, seven months after the PCRA court filed its Rule 1925(a) opinion, and five months after Appellant filed his brief – Appellant attempted to file a concise statement with this Court.[3] This effort comes too little, too late. Appellant's "*pro se* status does not relieve him of his duty to follow the Rules of Appellate Procedure."[4] ***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1037-38 (Pa. Super. 2018). While "Pennsylvania courts endeavor to be fair to *pro se* litigants in light of the challenges they face conforming to practices with which attorneys are far more familiar," we cannot overlook failure to comply substantially with our rules of procedure. ***Commonwealth v. Spuck***, 86 A.3d 870, 874 (Pa. Super. 2014). Appellant's belated attempt at

---

[3] Specifically, Appellant submitted a handwritten document entitled "Motion in *Limine*," followed by another handwritten document entitled "'Concise Statement of Matters' Complained of on Appeal."

[4] We observe that Appellant had requested multiple times for this Court to appoint him counsel on appeal. However, each time we properly denied his request. Although this is an appeal from the denial of Appellant's first PCRA petition, a first-time petitioner's right to appointed counsel ceases upon counsel's withdrawal pursuant to the ***Turner/Finley*** procedure. ***Commonwealth v. Williams***, 204 A.3d 489, 493 (Pa. Super. 2019).

compliance is the functional equivalent of no compliance at all, as it provided the PCRA court with no opportunity to prepare an opinion addressing the issues being raised on appeal. *See Commonwealth v. Smith*, 955 A.2d 391, 393 (Pa. Super. 2008) ("When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review."). Thus, Appellant has waived all issues for appeal based upon his failure to comply with the trial court's directive in the April 9, 2018 order.[5]

Since Appellant failed to preserve any issue for appellate review, we affirm the PCRA Court's order.[6]

Order affirmed. Motion in *limine* denied as moot.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: <u>6/21/2019</u>

---

[5] We also note that Appellant makes no attempt to organize his brief in the manner required by our rules. *Compare generally* Appellant's Brief *with* Pa.R.A.P. 2111, 2114-2119. Even if we could excuse Appellant's failure to comply with Rule 1925(b), we would dismiss his appeal based upon substantial defects in his brief that deprive us of meaningful appellate review. *See* Pa.R.A.P. 2101 (requiring briefs to conform materially to the Rules of Appellate Procedure; substantial defects in a brief subject the appeal to dismissal).

[6] Given our disposition, we deny Appellant's April 15, 2019 motion in *limine* as moot.