J-A13042-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| Appellee | : |
| v. | : |
| | : |
| EDWIN AYBAR, | : |
| | : |
| Appellant | : No. 3528 EDA 2017 |

Appeal from the PCRA Order October 3, 2017
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002836-2010

BEFORE:    SHOGAN, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED JULY 18, 2019**

Edwin Aybar (Appellant) appeals *pro se* from the October 3, 2017 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 2010, Appellant was charged with two counts each of attempted homicide, aggravated assault, simple assault, recklessly endangering another person, and terroristic threats; one count each of attempted robbery and robbery; and two firearms offenses.  The charges stemmed from a robbery and shooting by Appellant that left two individuals, Carlos Rosario and Jonathan Planas, seriously injured.

On June 8, 2011, Appellant pleaded guilty, but at his sentencing hearing one month later, the trial court rejected his plea and set his case for

---

*Retired Senior Judge assigned to the Superior Court.

trial.[1]  Following trial, a jury found Appellant guilty of attempted homicide, aggravated assault, robbery-inflicting serious bodily injury, and firearms not to be carried without a license.  On November 23, 2011, the trial court sentenced Appellant to an aggregate term of 28 to 60 years of incarceration.

After Appellant's appellate rights were reinstated *nunc pro tunc*, Appellant filed an appeal.  This Court affirmed his judgment of sentence on May 22, 2014, and our Supreme Court denied his petition for allowance of appeal on March 17, 2015.  **Commonwealth v. Aybar**, 104 A.3d 54 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 112 A.3d 648 (Pa. 2015).

Thereafter, Appellant retained private counsel who filed a timely PCRA petition on Appellant's behalf on June 7, 2016.  In the petition, Appellant raised two claims of ineffective assistance of counsel.  Appellant first contended that plea counsel was ineffective for failing to advise Appellant adequately at his plea hearing regarding the possible ranges of sentences.

---

[1] Appellant had entered into a negotiated plea agreement in which he agreed to plead guilty to two counts of aggravated assault and one count of robbery-inflicting serious bodily injury.  In exchange, the Commonwealth had agreed to withdraw the remaining charges and the parties had agreed to recommend a minimum sentence of 11 years of incarceration and a maximum sentence of 40 years of incarceration.  On July 8, 2011, Appellant appeared for sentencing, but after it became clear to the trial court that Appellant did not fully understand the terms of the plea agreement, including his possible maximum sentence, it rejected Appellant's June 8, 2011 guilty plea and set his case for trial.  **See generally**, N.T., 6/8/2011; N.T., 7/8/2011.

PCRA Petition, 6/7/2016, at ¶ 19(b). According to Appellant, plea counsel's deficiency led to Appellant's confusion at his sentencing hearing, which resulted in the trial court's rejection of Appellant's guilty plea, Appellant's going to trial, and his receiving a longer sentence than he would have had the trial court accepted his guilty plea. *Id.* Appellant also contended that appellate counsel was ineffective in failing to obtain transcripts of the June 8, 2011 and July 8, 2011 plea and sentencing hearings. *Id.* at ¶ 19(c). According to Appellant, this led to appellate counsel's failure to raise on direct appeal a challenge to the trial court's rejection of Appellant's guilty plea. *Id.*

After PCRA counsel obtained and reviewed the record and relevant transcripts, he filed with the PCRA court a motion to withdraw and no-merit brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court permitted PCRA counsel to withdraw on June 13, 2017, and on July 10, 2017, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a timely *pro se* response, raising several new claims. On October 3, 2017, the PCRA court issued an order and opinion denying Appellant's petition.

This timely-filed appeal followed. On November 1, 2017, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement within 21 days

and notified Appellant that any issue not properly included in the statement shall be deemed waived. Order, 11/1/2017. On November 28, 2017, Appellant filed a *pro se* motion for extension of time to file his Rule 1925(b) statement, stating that he had not yet received a copy of his trial transcripts or direct appeal file.[2] On December 11, 2017, the PCRA court issued an order finding Appellant waived all of his issues due to his failure to file a Rule 1925(b) statement and noting that "it is clear from the record that [Appellant] is appealing the denial of his PCRA petition." Order, 12/11/2017, at 1 n.1. To satisfy the mandates of Pa.R.A.P. 1925(a), the court directed us to its October 4, 2017 opinion, where it had addressed the merits of Appellant's claims. *Id.* Subsequently, on December 21, 2017, the PCRA court denied Appellant's motion for extension of time, stating that the "errors complained of on appeal are clear from the record." Order, 12/21/2017. Thereafter, Appellant filed untimely two Rule 1925(b) statements on February 7, 2018 and April 13, 2018.[3]

---

[2] Appellant filed a request for transcripts on December 4, 2017, which was after he filed his motion for an extension of time.

[3] On appeal, after Appellant filed his *pro se* brief, he filed a *pro se* application for relief with this Court, stating that he had not yet received a copy of his trial transcripts, and requesting permission to file an "amendment/supplement to his 1925(b) and his timely filed brief." Petition for Extension of Time and Transcripts, Etc., 7/5/2018, at 6. This Court remanded the motion and record to the PCRA court; directed the PCRA court to provide Appellant with the requested documents; granted his request to file a supplemental brief; and "denied without prejudice to Appellant's right

*(Footnote Continued Next Page)*

Prior to reaching Appellant's issues, we address the PCRA court's finding that Appellant waived his claims by failing to file a court-ordered Rule 1925(b) statement. "It is well-settled that an appellant's failure to comply with a trial court's Rule 1925(b) [o]rder results in a waiver of all issues on appeal." ***Commonwealth v. Chester***, 163 A.3d 470, 472 (Pa. Super. 2017), *citing* ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005); Pa.R.A.P. 1925(b)(4)(vii).

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

to raise the issues in the motion, if preserved, in a newly filed application for relief that may be filed after the appeal has been assigned to the panel of this Court that will decide the merits of the appeal." Order, 8/28/2018. The PCRA court complied, and directed the record to be transmitted back to this Court.

However, on November 2, 2018, Appellant filed another *pro se* application for relief with this Court, claiming that he had still not received the transcripts and requesting additional time to file a supplemental brief. Petition for Extension of Time to Suplement [*sic*] Brief, 11/2/2018, at 1-2 (pagination supplied). Because the PCRA court had indicated that it had sent the transcripts to Appellant, this Court denied Appellant's petition "without prejudice to reapply for the requested relief if Appellant did not receive the transcripts" and ordered Appellant to file his supplemental brief within 30 days of the order. Order, 12/11/2018.

On December 17, 2018, and January 7, 2019, Appellant again sought relief in this Court, filing both a motion to compel the PCRA court to comply with this Court's directive to provide him with transcripts, and a motion for an extension of time to file a supplemental brief. This Court remanded once again, directing the PCRA court to comply or provide written notice of its status, and vacating the supplemental briefing schedule. Order, 1/21/2019. The PCRA court filed an order indicating that it sent the transcripts to Appellant for a second time, and directed the record to be transmitted back to this Court. Order, 2/5/2019. Thereafter, this Court reestablished the supplemental briefing schedule, but Appellant failed to file a supplemental brief.

Here, as noted *supra*, Appellant waited until February 7, 2018 to attempt to file his untimely Rule 1925(b) statement. Pursuant to the PCRA court's order docketed on November 1, 2017, Appellant had 21 days, until November 22, 2017, to file his concise statement. That Appellant filed a motion for an extension of time is of no moment because he did not timely file the motion,[4] and even so, the PCRA court denied his request. Thus, Appellant waived all issues on appeal by failing to file a timely, court-ordered Rule 1925(b) statement and we affirm the order of the PCRA court denying Appellant's petition.[5]

Order affirmed.

---

[4] Appellant filed his motion for extension of time on November 28, 2017, but his certificate of service was dated November 14, 2017. Arguably, under the prisoner mailbox rule, the motion could have been filed within 21 days of the PCRA court's order directing Appellant to file a Rule 1925(b) statement. **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997). However, Appellant does not raise this issue on appeal. Nonetheless, Appellant waited over two months, until February 7, 2018, to attempt to comply with the PCRA court's directive to file a Rule 1925(b) statement.

[5] We note that even if Appellant had timely filed his 1925(b) statement, the three issues raised therein were not in his PCRA petition or Rule 907 response and thus, they are waived because Appellant failed to preserve them in the PCRA court. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **see also Commonwealth v. Fletcher**, 986 A.2d 759, 778, 806-07 (Pa. 2009) (holding claims not raised in the PCRA court are waived and cannot be raised for the first time on appeal); **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) (stating claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>7/18/19</u>