J-S64011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE J. MADISON | : | |
| | : | |
| Appellant | : | No. 160 WDA 2019 |

Appeal from the PCRA Order Entered January 2, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000495-2016

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 12, 2019**

Lawrence Madison appeals from the January 2, 2019 order dismissing his petition for relief pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA").  We affirm.

The instant case began on January 27, 2016, in Peters Township, Washington County, Pennsylvania.  On that date, Appellant was pulled over while driving by an officer of the Peters Township Police Department based upon his failure to stop at a red light.  As the traffic stop progressed, Appellant consented to various searches and was ultimately found to be in possession of a large number of items that were determined to be stolen property appropriated from cars and homes in the surrounding area including jewelry, clothing, credit cards, loose change, a wireless speaker, and a holstered

_____

[*] Retired Senior Judge assigned to the Superior Court.

handgun.  **See** Affidavit of Probable Cause, 1/27/16, at 1; **see also** N.T. Guilty Plea Colloquy and Sentencing, 12/16/16, at 2 (Appellant stipulating to the contents of the aforecited affidavit).

On December 16, 2016, Appellant pled guilty to person not to possess a firearm, receiving stolen property, and firearms not to be carried without a license.  **See** N.T. Guilty Plea Colloquy and Sentencing, 12/16/16, at 4-5.  He was immediately sentenced to an aggregate term of five to ten years of imprisonment.  **Id**. at 6-7.  Although Appellant might have qualified for acceptance into the Washington County Veterans' Court, the Commonwealth would not offer him a plea that would permit his participation therein.  **See** Memorandum and Order, 4/28/17, at 3.  Rather, Appellant was accepted into the Allegheny County Veterans' Court and would be eligible to participate once he was paroled from the aforementioned sentence. **See** N.T. Guilty Plea Colloquy and Sentencing, 12/16/16, at 4.

No timely post-sentence motion or direct appeal was taken.  The PCRA court appointed counsel to represent Appellant, who ultimately filed a no-merit brief and a motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (en banc).  In pertinent part, PCRA counsel averred that Appellant's petition was untimely and that no exceptions to the PCRA's timeliness requirements were applicable.  On December 5, 2018, the PCRA court granted counsel's petition and provided Appellant with notice of its intent to dismiss Appellant's PCRA petition on jurisdictional grounds without a

hearing. Appellant swiftly filed a *pro se* response styled "Petitioner's Memorandum and Proffer in Response to Rule 907," wherein Appellant argued that the PCRA timeliness provisions at 42 Pa.C.S. § 9545(b)(1) are unconstitutional and that his appellate rights under the PCRA should be reinstated, *nunc pro tunc*. **See** Petitioner's Memorandum and Proffer, 12/31/18, at 3-6. That same day, the PCRA court filed a memorandum and order denying Appellant's request for reinstatement.

On January 2, 2019, the PCRA court dismissed Appellant's petition without a hearing. Appellant filed a timely notice of appeal.[1]

Our standard and scope of review in this context is well-articulated under existing Pennsylvania precedent: "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013). We must view the evidence of record in the light most favorable to the prevailing party at the PCRA court level. **See Commonwealth v. Koehler**, 36 A.3d 121, 131

---

[1] The PCRA court directed Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and advised Appellant that "[a]ny issue not properly included in the statement timely filed and served, shall be deemed waived." Order, 1/30/19, at unnumbered 1. Appellant failed to comply. Thus, no Rule 1925(a) opinion from the trial court was filed of record. Ordinarily, this oversight on Appellant's part would result in waiver of all his claims. However, the PCRA court's order was not docketed in accordance with Pa.R.Crim.P. 114(C)(2)(c). This renders the order unenforceable for the purposes of waiver. **See Commonwealth v. Chester**, 163 A.3d 470, 472 (Pa.Super. 2017) (holding order to file Rule 1925(b) statement was unenforceable where there was no indication on the docket of the date of service of the order requiring its filing).

(Pa. 2012). However, we apply a *de novo* standard of review with specific regard to the PCRA court's legal conclusions. ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011).

In light of the PCRA court's holding, we must assess whether Appellant's petition is timely or subject to one of the exceptions to the timeliness requirements under the PCRA. ***See Commonwealth v. Walters***, 135 A.3d 589, 591-92 (Pa.Super. 2016) ("[T]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed."). In pertinent part, the PCRA provides as following regarding timeliness:

> **(b) Time for filing petition.**—
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United Sates;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> . . . .

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. § 9545(b). In reviewing these statutory provisions, it is also important to note that "there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." *Commonwealth v. Brown*, 943 A.2d 264, 267 (Pa. 2008).

Instantly, Appellant concedes that his PCRA petition was untimely,[2] but argues that this Court should overlook the timeliness requirements of the PCRA and permit his appeal to proceed, *nunc pro tunc*, on equitable grounds. *See* Appellant's brief at 1-2. Thus, Appellant has not asserted that any of the timeliness exceptions set forth at § 9545(b)(1)(i)-(iii) are applicable to his case in either his original PCRA petition, or in his appeal before this Court. As such, Appellant has failed to raise or prove the applicability of any operative exceptions to timeliness, and his attempt to secure equitable reinstatement of

_____

[2] Pa.R.A.P. 903(a) contemplates a thirty-day window within which to appeal. Instantly, this thirty-day period from the trial court's April 28, 2017 memorandum and order denying Appellant's petition to withdraw his guilty plea began to run on May 6, 2017, or the day after its entry upon the record. *See* Pa.R.Crim.P. 108. Therefore, the final day for Appellant to file an appeal was June 5, 2017. *See* Pa.R.Crim.P. 720; *see also* Pa.R.A.P. 107, 903; 1 Pa.C.S. § 1908. No appeal was ultimately filed, and Appellant's sentence became final that same day. *See* 42 Pa.C.S. § 9545(b)(3). Thereafter, the one-year time limit set forth at 42 Pa.C.S. § 9545(b) began to accrue. Appellant's PCRA petition was not filed until September 13, 2018, which renders it untimely by approximately three months.

his PCRA rights is unavailing. **See Brown**, **supra** at 267. Thus, his PCRA petition is untimely and the PCRA court was without jurisdiction to entertain his claims. **See Commonwealth v. Blackwell**, 936 A.2d 497, 500 (Pa.Super. 2007) ("[F]ailure to allege a timeliness exception in the PCRA petition itself precludes the petitioner from raising it on appeal."); **see also Commonwealth v. Liebensperger**, 904 A.2d 40, 46 (Pa.Super. 2006) ("These exceptions must be specifically pleaded or they may not be invoked.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2019