J-S28005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                       :            PENNSYLVANIA
                                       :
           v.                             :
                                       :
                                       :
JOHN REGINOLD COBB              :
                                       :
           Appellant           :     No. 267 MDA 2020

Appeal from the Judgment of Sentence Entered December 23, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001118-2018

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                   **FILED JULY 13, 2020**

John Reginold Cobb appeals *pro se* from the judgment of sentence of an aggregate term of two to six years of incarceration imposed following his convictions for various drug-related crimes. We dismiss the appeal.

Nothing about the facts or procedural posture of this case is apparent from Appellant's brief. From the trial court's opinion, we discern that this is a timely direct appeal from the above-referenced judgment of sentence imposed upon Appellant's conviction of crimes related of his sales of cocaine to a confidential informant, after he elected to make a knowing, intelligent, and voluntary waiver of his rights to counsel and a jury trial. *See* Trial Court Opinion, 2/11/20/, at 1. The trial court ordered Appellant to file a statement

of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but Appellant did not comply.[1]

Appellant's brief in this Court consists of ramblings about "a secret state of war" between "the compact party de facto states" and the federal government, and the bankruptcy of all of them. **See** Appellant's brief at 1. It does not contain a statement of questions presented as required by Pa.R.A.P. 2111(a)(4), and also is in violation of Pa.R.A.P. 2111(a)(1) (requiring a statement of jurisdiction); Pa.R.A.P. 2111(a)(3) (requiring a statement of the scope and standard of review); Pa.R.A.P. 2111(a)(6) (requiring a summary of argument); and Pa.R.A.P. 2111(a)(8) (requiring an argument section). The brief further is devoid of citations to the record, a synopsis of the evidence, or a statement of place of preservation of issues as are required by Pa.R.A.P. 2119(c), (d), and (e), respectively. Additionally, the trial court's opinion is not attached to Appellant's brief as is required by Pa.R.A.P. 2111(b).

"[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." **Commonwealth v. Tchirkow**, 160 A.3d 798, 804 (Pa.Super. 2017). "[A] *pro se* litigant must

---

[1] The trial court opines that Appellant's failure to respond warrants finding all issues waived pursuant to Pa.R.A.P. 1925(b)(4)(vii). **See** Trial Court Opinion, 2/11/20/, at 2. Given our disposition *infra*, we do not reach the issue of Rule 1925(b) waiver. However, we note that this Court has declined to find waiver where, as here, the trial court docket does not reflect if or when the Rule 1925(b) order was served upon the appellant. **See**, **e.g.**, **Commonwealth v. Chester**, 163 A.3d 470, 472 (Pa.Super. 2017); **Commonwealth v. Williams**, 959 A.2d 1252, 1256 (Pa.Super. 2008).

comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Freeland***, 106 A.3d 768, 776 (Pa. Super. 2014) (internal quotation marks omitted). "Any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." ***Commonwealth v. Gray***, 608 A.2d 534, 550 (Pa. Super. 1992) (cleaned up).

Appellant's disregard for the Rules of Appellate Procedure have left this Court unable to conduct meaningful review. ***See***, ***e.g.***, ***Commonwealth v. Sanford***, 445 A.2d 149, 151 (Pa.Super. 1982) (declining to address the substance of the appeal because the brief was "so defective as to preclude effective, appellate review"). Accordingly, we dismiss this appeal without considering its merits. ***See*** Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed.").

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/13/2020

- 3 -