J-S19028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                          :                PENNSYLVANIA
                          :
           v.                    :
                          :
                          :
BARRETT TUNSIL                    :
                          :
           Appellant          :    No. 942 EDA 2019

Appeal from the PCRA Order Entered February 26, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008448-2013

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:         **FILED:  FEBRUARY 26, 2021**

Barrett Tunsil (Appellant) appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, denying his timely first Post Conviction Relief Act[1] (PCRA) petition.  After careful review, we conclude Appellant's issues are waived for failure to develop meaningful argument with citation to or discussion of legal authority.  Thus, we affirm the order.  We also remand for the PCRA court to notify Appellant of his registration requirements

---

[1] 42 Pa.C.S. §§ 9541-9546.  Appellant purported to appeal from the "March 15, 2019," order denying his PCRA petition.  However, the underlying order was filed on February 26, 2019.  We have amended the caption accordingly.

under the Pennsylvania Sex Offender Registration and Notification Act[2] (SORNA).

This Court previously summarized the trial evidence in this matter as follows: when the victim was eight years old, she lived with her mother, sister, Appellant — whom she referred to as her stepdad — and Appellant's daughter. From approximately 2009 to 2010,[3] Appellant sexually abused the victim

> by pulling her clothes down[,] inserting his finger into her vagina and sucking on her breast. [Appellant] threatened to sell [the victim] to drug dealers or feed her to the rats if she told anyone. [The victim] estimated that she was sexually assaulted more than five (5) times between the age of eight (8) and nine (9) while residing in [Appellant's] home.
>
> [Appellant also] punish[ed] [the victim] by pulling down her pants and spanking her with his bare hand. He would lock her in the basement in the dark prompting her to scream and kick on the door because she was so frightened. It wasn't until [the victim] was removed from the home and placed with a foster family that she was comfortable enough to reveal the depravity she had endured.
>
> [Appellant] testified and denied ever touching or abusing [the victim].

---

[2] 42 Pa.C.S. §§ 9799.10 to 9799.75.

[3] The victim was born in 2001, and the abuse occurred when she was eight to nine years old. **See** N.T. Trial, 10/2/14, at 5, 22. **See also** Criminal Complaint, 6/19/12, at 1 (alleging date of offense as January 1, 2011).

***Commonwealth v. Tunsil***, 1990 EDA 2016 (unpub. memo. at 2) (Pa. Super. Dec. 8, 2017) (citation omitted) (direct appeal), *appeal denied*, 8 EAL 2018 (Pa. May 21, 2018).

Following a jury trial, Appellant was found guilty, on October 6, 2014, of aggravated indecent assault of a child, indecent assault of a person less than 13, endangering the welfare of a child (EWOC), corruption of minors, and unlawful contact with a minor.[4]  On April 25, 2016, the trial court found Appellant was a sexually violent predator (SVP) under SORNA.  ***See Tunsil***, 1990 EDA 2016 (unpub. memo. at 30-31).  On that same day, the court also sentenced Appellant to an aggregate term of 25 to 54 years' imprisonment.[5] ***Id.*** at 31.

Appellant took a direct appeal, and, on December 8, 2017, this Court affirmed his convictions and sentences.  However, this Court reversed the trial court's finding that Appellant was an SVP, pursuant to the then-recent Superior Court decision in ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa.

---

[4] 18 Pa.C.S. § 3125(b), 3126(a)(7), 4304(a)(1), 6301(a)(1)(i), 6318(a)(1).

[5] Specifically, the trial court imposed: (1) consecutive terms of nine to 20 years' imprisonment for aggravated indecent assault and unlawful contact with a minor; (2) a consecutive term of 3.5 to seven years' imprisonment for EWOC; (3) a consecutive term of 2.5 to five years' imprisonment for corruption of minors; and (4) a consecutive term of one to two years' imprisonment for indecent assault.

Super. 2017) (**Butler I**), *rev'd,* 226 A.3d 972 (Pa. 2020) (**Butler II**).[6] This Court thus remanded for the trial court to issue appropriate notice under 42 Pa.C.S. § 9799.23 ("Court notification and classification requirements") of Appellant's SORNA registration requirements. Appellant sought allowance of appeal with our Supreme Court, which was denied on May 21, 2018.

Meanwhile, on December 21, 2017, the trial court conducted a hearing and vacated Appellant's "SVP designation and life registration." PCRA Ct. Op., 8/29/19, at 1; N.T., 12/21/17, at 11-12. The parties agreed no further registration requirements applied to Appellant because of "recent case law" prohibiting "retroactive application."[7] N.T., 12/21/17, at 10-12. The court

_____

[6] In **Butler I**, this Court concluded: "[S]ection 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." **Butler I**, 173 A.3d at 1218. **See** 42 Pa.C.S. § 9799.24(e)(3) ("At [an SVP hearing], the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator.").

In a decision issued after Appellant's PCRA petition in this case was filed, our Supreme Court reversed this Court's decision. The Court held the registration and notification provisions applicable to SVPs "do not constitute criminal punishment and therefore the procedure for designating individuals as SVPs under Section 9799.24(e)(3) is not subject to the requirements of **Apprendi** and **Alleyne** and remains constitutionally permissible." **Butler II**, 226 A.3d at 976. **See Alleyne v. United States**, 570 U.S. 99 (2013); **Apprendi v. New Jersey**, 530 U.S. 466 (2000).

[7] Although no particular decisional authority was cited, we surmise the parties may have been referring to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (plurality) (SORNA requirements have punitive effect and retroactive application constitutes *ex post facto* violation) (discussed **infra**).

- 4 -

thus did not advise Appellant of any further registration requirements. *See id.* at 11-12.

On July 23, 2018, Appellant filed a timely, *pro se* first PCRA petition.[8] He raised a litany of broad or vague challenges to trial evidentiary rulings, the alleged denial of a fair and impartial trial, and the alleged collusion between the trial court, prosecutor, and his trial defense attorney to "orchestrate [his] conviction/sentence." Appellant's Motion for Post Conviction Collateral Relief, 7/23/18, at 3-4. The petition also averred trial counsel "frequently failed to adequately represent [Appellant] professionally, legally, morally." *Id.* at 5.

The PCRA court appointed counsel to represent Appellant; that attorney, however, was permitted to withdraw due to his acceptance of a new law position. James Marsh, Esquire, was subsequently appointed to represent Appellant. He filed a *Turner/Finley*[9] "no-merit" letter and petition to withdraw on December 18, 2018. On the same day, the PCRA court gave Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a

---

[8] As stated above, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on May 21, 2018. For PCRA purposes, his judgment of sentence became final 90 days thereafter, on Monday, August 20, 2018, when the period for seeking *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); Sup. Ct. R. 13. Appellant then generally had one year, or until August 20, 2019, to file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1).

[9] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

hearing. On February 26, 2019, the court issued the underlying order denying Appellant's PCRA petition, and permitting Attorney Marsh to withdraw.

Appellant filed a timely *pro se* notice of appeal on March 15, 2019. On May 2, 2019, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement within 21 days. The order properly directed Appellant to both file a statement of record **and** serve a copy on the court, and stated "[a]ny issue not properly included in a timely filed and properly served 1925(b) Statement shall be deemed waived." Order, 5/2/19. **See** Pa.R.A.P. 1925(b)(1), (3)(iv), (4)(vii); **Commonwealth v. Chester**, 163 A.3d 470, 472 (Pa. Super. 2017) ("[A]n appellant's failure to comply with a trial court's Rule 1925(b) Order results in a waiver of all issues on appeal."). The corresponding docket entry for the court's order, however, did not identify on whom the order was served, nor the manner and date of service, as required by Pa.R.Crim.P. 114. **See** Pa.R.Crim.P. 114(C)(2)(c) ("The docket entries shall contain . . . the date of service of the order or court notice.").

The PCRA court's opinion states Appellant "filed" a Rule 1925(b) statement on May 22, 2019. PCRA Ct. Op. at 2. The trial docket, however, does not include any entry for such a filing, and upon informal inquiry by this Court, the trial court clerk confirmed it did not have any Rule 1925(b) statement from Appellant. Nevertheless, the PCRA court has provided a copy of the statement that it received; the face of the statement bears the stamp,

- 6 -

"Received in Chambers, May 22, 2019, Hon. Gwendolyn Bright." Appellant's Concise Statement of the Errors: Cover" (all-capitalization removed).

After careful review of the record before us, we decline to find Appellant's issues waived for failure to file a Rule 1925(b) statement with the trial court clerk of courts. *See Chester*, 163 A.3d at 472 (declining to find waiver where the trial docket failed to indicate the date of service of the Rule 1925(b) order, in violation of Pa.R.Crim.P. 114(C)(2)).

Nevertheless, we conclude Appellant's issues are waived for failure to develop them or cite the record or any legal authority. *See* Commonwealth's Brief at 7 (arguing same). By way of background, we note that three days prior to trial, the trial court granted Appellant's request to proceed *pro se*, and directed that trial counsel serve as back-up counsel at trial. N.T., 9/29/14, at 19-20. However, trial counsel conducted the examination of witnesses and gave the closing argument.[10]

Appellant's *pro se*, handwritten brief spans six pages and, like his PCRA petition, presents a wide-ranging list of broad or vague claims. For example, Appellant avers the following: (1) he never received a subpoena nor a trial date, and instead, on the day of trial, he was simply "suddenly awaken[ed] in the prison" and told "to 'fill the bus;'" (2) "to 'hide and cover up' the egregious

---

[10] The opening arguments are not included in the trial transcripts transmitted to this Court.

and criminal behaviors/conduct by [the trial court] and other perpetrators in their attempts to deny [Appellant] a fair trial, [the trial court] ordered . . . the original trial transcripts to be [voided] and a[n] incorrect/false 2nd transcript [be] produced;" (3) trial counsel refused his telephone calls for more than 20 months, and "'refused' to investigate-interview-check records-subpoena witnesses;" (4) "in (approxl.) May 2012[, Appellant] was 'illegally' declared 'mentally incompetent' to stand trial;" and (5) the trial court, prosecutor, trial counsel, and county jail administrators "produced and manufactured documents/medical records." Appellant's Brief at 1-3. Appellant does not discuss nor cite any legal authority, and to the extent his brief raises claims of trial counsel's ineffectiveness, he does not present any argument his underlying claim has arguable merit, there was no reasonable basis for trial counsel's actions, or he suffered prejudice. *See Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) (elements of ineffective assistance of counsel claim).

We conclude Appellant's failure to develop a meaningful argument with citation to relevant, legal authority on any claim waives them on appeal. *See Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020). This Court has stated:

> [Pennsylvania Rule of Appellate Procedure 2119] state[s] unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed

- 8 -

include those where the party has failed to cite any authority in support of a contention.  This Court will not act as counsel and will not develop arguments on behalf of an appellant.  [M]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter.

*Id.* (citation omitted).  Accordingly, we affirm the order denying Appellant's PCRA petition.

At this juncture, we *sua sponte* address Appellant's SORNA registration requirements.  As stated above, in this Court's December 8, 2017, direct appeal memorandum, we reversed Appellant's SVP designation.  *Tunsil*, 1990 EDA 2016 at 30-31.  On remand, the trial court conducted a hearing on December 21, 2017, at which the parties agreed that pursuant to unspecified "recent case law," the retroactive application of "Megan's Law II" was unconstitutional.  *See* N.T., 12/21/17, at 10-12.  We note that six months earlier, the Pennsylvania Supreme Court issued a decision in *Muniz*, holding the retroactive application of SORNA violated the *ex post factor* clauses of the federal and Pennsylvania Constitutions.  *See Muniz*, 164 A.3d at 1193 (plurality).

Since Appellant's December 21, 2017, SORNA hearing, however, our legislature has amended SORNA:

> In response to *Muniz* and *Butler I*, the General Assembly enacted Act 10 . . .  Act 10 split SORNA, which was previously designated in the Sentencing Code as Subchapter H into two subchapters. Revised Subchapter H[11] applies to crimes committed on or after

---

[11] 42 Pa.C.S. §§ 9799.10 to 9799.42.

December 20, 2012, whereas **Subchapter I**[12] **applies to crimes committed after April 22, 1996, but before December 20, 2012**.  In essence, Revised Subchapter H retained many of the provisions of SORNA, while Subchapter I imposed arguably less onerous requirements on those who committed offenses prior to December 20, 2012, in an attempt to address this Court's conclusion in *Muniz* that application of the original provisions of SORNA to these offenders constituted an *ex post facto* violation.

*Commonwealth v. Torsilieri*, 232 A.3d 567, 580-81 (Pa. 2020) (emphases added and footnote omitted).

Based on the fact Appellant committed the underlying offenses in approximately 2009 and 2010 — before December 20, 2012 — he is subject to Subchapter I.  **See** 42 Pa.C.S. § 9799.54(a) ("The following individuals **shall** register . . . ."), (b) ("Neither failure on the part of the Pennsylvania State Police to send nor failure of an individual to receive notice or information under this paragraph shall relieve the individual of the requirements of this subchapter."); *Commonwealth v. Lacombe*, 234 A.3d 602, 626-27 (Pa. 2020) (Subchapter I does not constitute criminal punishment and *ex post facto* challenges are meritless).  Accordingly, upon remand of the record, the PCRA court shall notify Appellant of his registration requirements.

Order affirmed.  Case remanded with instructions.  Jurisdiction relinquished.

_____

12 42 Pa.C.S. §§ 9799.51 to 9799.75.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/21