J-S17037-17

2017 PA Super 154

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CARL CHESTER, | : | |
| | : | |
| Appellant | : | No. 178 EDA 2016 |

Appeal from the PCRA Order December 18, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0016213-2008

BEFORE: OLSON, STABILE and MUSMANNO, JJ.

OPINION BY MUSMANNO, J.: **FILED MAY 19, 2017**

Carl Chester ("Chester") appeals from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We vacate the Order and remand for further proceedings.

In September 2009, Chester pled guilty to one count of possession with intent to deliver marijuana. In December 2009, the trial court sentenced Chester to three years' probation. On July 19, 2011, after Chester was found guilty of various crimes, the trial court revoked Chester's probation and sentenced him to three to six years in prison. The sentence was to run consecutive to Chester's other sentences. Chester was advised, on the record, that he had a right to file a motion to reconsider the sentence within ten days and to appeal his sentence within thirty days.

On August 2, 2011, Chester filed a Motion for Reconsideration, arguing that the probation revocation sentence was excessive and that a new

sentencing hearing was required. The Motion was in the form of an order, which included separate signature lines for the sentencing judge to approve or disapprove the Motion. On August 8, 2011, the sentencing judge signed the disapprove signature line. However, the docket did not include an entry of the denial of the Motion. Chester did not file a direct appeal.

On September 16, 2013, Chester filed a *pro se* PCRA Petition. Thereafter, Chester, through counsel, filed an amended PCRA Petition. The PCRA court issued a Pennsylvania Rule of Criminal Procedure 907 Notice. After Chester filed a Response, the PCRA court dismissed the Petition on December 18, 2015. Chester filed a timely Notice of Appeal.

On July 22, 2016, the PCRA court ordered Chester to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement.[1] Chester did not file a concise statement.

On appeal, Chester raises the following questions for our review:

    I.     Whether the [PCRA] court erred in d[ismissing] [Chester's] PCRA [P]etition without an evidentiary hearing on the issues raised in the amended PCRA [P]etition regarding trial counsel's ineffectiveness[?]

    II.    Whether the [PCRA] court erred in not granting relief on the PCRA [P]etition alleging counsel was ineffective[?]

Brief for Appellant at 8.

---

[1] The judge that had dismissed Chester's PCRA Petition had retired, and a new judge was assigned to the case prior to the entry of the Rule 1925(b) Order.

- 2 -

Prior to addressing Chester's claims, we note that the PCRA court issued an Opinion finding that Chester waived his claims by failing to file a court-ordered Rule 1925(b) concise statement. **See** PCRA Court Opinion, 1/30/17, at 1 (unnumbered). It is well-settled that an appellant's failure to comply with a trial court's Rule 1925(b) Order results in a waiver of all issues on appeal. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005); **see also** Pa.R.A.P. 1925(b)(4)(vii). Rule 1925(b)(2) provides that "[t]he judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement." Pa.R.A.P. 1925(b)(2); **see also** Pa.R.A.P. 108(a) (noting that the date of entry of an order "shall be the day the clerk of the court … mails or delivers copies of the order to the parties[.]"). Further, when a Rule 1925(b) order is entered, the clerk of courts must furnish copies of the order to the parties and record the date of service of the order in the docket pursuant to Pa.R.Crim.P. 114. **See Commonwealth v. Hess**, 810 A.2d 1249, 1252-53 (Pa. 2002); **see also Commonwealth v. Davis**, 867 A.2d 585, 588 (Pa. Super. 2005) (*en banc*).

In the case *sub judice*, the PCRA court's Rule 1925(b) Order was dated and docketed on July 22, 2016. While the PCRA court indicates that the Order was sent to the parties on that same day, **see** PCRA Court Opinion, 1/30/17, at 1 (unnumbered), there is no indication from either the Order or docket that service was effectuated. Importantly, the docket fails to indicate

the date of service of the Order. **See** Pa.R.Crim.P. 114(C)(2). Based upon the lack of recordation in the docket, we are unable to determine the date of service of the Order, as required under Criminal Rule 114, and cannot conclude that Chester failed to comply with the PCRA court's directive to file a concise statement. **See Hess**, 810 A.2d at 1254 (stating that while the docket indicates appellant was served with Rule 1925(b) concise statement, the docket did not indicate the date of service; thus, there was no basis upon which to conclude that the appellant failed to comply with the Rule 1925(b) order). Thus, we decline to find Chester's claims waived on this basis.[2]

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the

---

[2] While we "may" remand to determine whether the Rule 1925(b) Order had been properly served, **see** Pa.R.A.P. 1925(c)(1), we decline to do so in the interest of judicial economy.

- 4 -

review." *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Chester's sentence became final on August 18, 2011, thirty days after the trial court imposed the probation revocation sentence. *See* Pa.R.Crim.P. 708(E) (stating that in the context of probation revocation proceedings, "[a] motion to modify a sentence imposed after revocation shall be filed within 10 days of the date of the imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period."); *Commonwealth v. Duffy*, 143 A.3d 940, 944 (Pa. Super. 2016) (noting that whether or not a motion to modify sentence is filed, a notice of appeal from a revocation proceeding must be filed within thirty days of the imposition of the sentence). Chester had until August 20, 2012,[3] to file a timely PCRA petition. Thus, Chester's PCRA Petition, filed on September 16, 2013, is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); *Albrecht*, 992 A.2d at 1094.

---

[3] We note that one year from the date Chester's judgment of sentence became final is Saturday, August 18, 2012.

Chester invokes the newly-discovered fact exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii), and contends that his counsel abandoned him by failing to file a timely direct appeal. Brief for Appellant at 18-19. Chester argues that following the probation revocation sentencing hearing, he asked counsel to file a motion for reconsideration and a notice of appeal, and that counsel failed to file the requested appeal. *Id.* at 18. Chester further asserts that his counsel failed to advise him regarding the disposition of the Motion for Reconsideration or the failure to file an appeal. *Id.* Chester claims that he did not learn about counsel's actions until July 25, 2013, when the Public Defender, responding to Chester's letter, informed him that the Motion for Reconsideration was denied by operation of law, and that there were no further grounds for an appeal. *Id.* Chester thus argues he exercised due diligence in that his Petition, filed on September 16, 2013, was filed within sixty days of his learning of counsel's abandonment. *Id.*

In *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), our Supreme Court addressed the application of the timeliness exception under section 9545(b)(1)(ii) to a claim of abandonment by counsel. In that case, after the deadline for filing a timely PCRA petition had expired, the defendant discovered that his PCRA counsel had failed to file a brief, resulting in the dismissal of his appeal. *Id.* at 1266-67, 1272. The defendant filed an untimely PCRA petition, and invoked the newly-discovered fact exception, arguing that the discovery of counsel's abandonment

- 6 -

constituted a new fact that could not have been ascertained earlier with due diligence. *Id.* at 1267, 1272.

The Supreme Court stated that in order to invoke this exception, a petitioner is required to allege and prove that 1) there were facts that were unknown to him; and 2) that he exercised due diligence. *Id.* at 1272; *see also id.* at 1271 (noting that the exception at section 9545(b)(1)(ii) did not require a petitioner to prove that these new facts constituted exculpatory evidence that would have changed the outcome of the proceedings). The Supreme Court held that while claims of ineffective assistance of counsel do not invoke the exception under section 9545(b)(1)(ii), an allegation of abandonment by counsel falls within the ambit of that exception. *Id.* at 1274.

Here, after the imposition of Chester's probation revocation sentence, the following occurred:

> [Chester's Counsel]: … If you want to ask the [c]ourt to reconsider its decision, you have to do that within 10 days, and if you wanted to file an appeal, you would have to do it within 30 days. My office would continue to represent you, and I would be happy to file any paperwork that you'd like filed on your behalf. Do you understand?
>
> [Chester]: Yeah, I understand.
>
> [Chester's Counsel]: Would you like me to file for reconsideration or appeal at this time?
>
> [Chester]: Yeah.
>
> [Chester's Counsel]: Okay, I will file that paperwork for you. You know, because of the situation and the convictions, I don't

> think it's very likely that we'll get relief, but I will certainly file the paperwork because you have a right to ask for reconsideration, so I will do so. Do you understand?
>
> [Chester]: Uh-huh.

N.T., 7/19/11, at 9. Thereafter, on August 2, 2011, Chester's counsel filed an untimely Motion for Reconsideration. As noted above, the trial court appears to have denied the Motion, but no order was entered on the record or in the docket. Chester's counsel did not file a timely direct appeal and did not withdraw his representation.

On June 26, 2013, Chester wrote a letter to his counsel, seeking an update on his appeal. On July 25, 2013, the Public Defender's Office sent Chester a letter stating the following:

> I am writing in response to your letter to the Defender's Association, postmarked June 26, 2013. Our office did file a petition to vacate and reconsider on your behalf. Unfortunately, despite our numerous attempts to have the judge make a decision in this matter, she did not do so. Since Judge Brown did not respond within the allowed time period, the petition is deemed denied by operation of law. Since you are [in] technical and/or direct violations of the judge's supervision, there were no grounds for any further appeals on this matter. I apologize if you were not informed of that information sooner.

Letter, 7/25/13. In response, on September 16, 2013, Chester filed a PCRA Petition, which was within 60 days of the letter.

Here, Chester's counsel clearly stated that he would file an appeal on Chester's behalf, but failed to file an appeal. Further, in the July 2013 letter to Chester, the Public Defender's Office incorrectly informed Chester that the Motion for Reconsideration was denied by operation of law. ***See***

Pa.R.Crim.P. 708(E); **Duffy**, 143 A.3d at 944. **But see** N.T., 7/19/11, at 9 (wherein Chester's counsel correctly informed Chester that an appeal must be filed within 30 days of sentencing). Thus, Chester has properly invoked the timeliness exception at section 9545(b)(1)(ii), by demonstrating that his counsel had abandoned him. **See Bennett**, 930 A.2d at 1275; **Commonwealth v. Huddleston**, 55 A.3d 1217, 1221-22 (Pa. Super. 2012) (concluding that the petitioner's direct appeal rights were properly reinstated where petitioner properly invoked the timeliness exception under section 9545(b)(1)(ii) by demonstrating that his counsel abandoned him).

While Chester has sufficiently invoked the timeliness exception at section 9545(b)(1)(ii), he must still prove that the facts were unknown to him and that he could not uncover the facts earlier with due diligence. **See Bennett**, 930 A.2d at 1272, 1274. "Such questions require further fact-finding and the PCRA court, acting as fact finder, should determine whether [Chester] met the 'proof' requirement under [section] 9545(b)(1)(ii)." **Id.** at 1274; **see also Commonwealth v. Burton**, 2017 WL 1149203, **12, 16 (Pa. 2017). Thus, we must vacate the Order of the PCRA court, and remand to the PCRA court to resolve the following questions: (1) whether the fact that Chester's counsel failed to file a direct appeal was unknown to Chester; and (2) whether Chester exercised due diligence in uncovering this fact, and filed his PCRA Petition within 60 days of the date that Chester

discovered that counsel had failed to perfect his direct appeal.[4]  **See Burton, supra**; **Bennett, supra**.  Should the PCRA court determine that Chester properly invoked the exception, it shall reinstate Chester's right to file a direct appeal, *nunc pro tunc*, and appoint new counsel.

Order vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2017

---

[4] In making a determination under section 9545(b)(1)(ii), the PCRA court must also include an assessment of Chester's access to public records.  In **Bennett**, the Court concluded that the petitioner would not have had access to the public record as he was in prison, and had been abandoned by counsel.  **See Bennett**, 930 A.2d at 1275; **id**. (noting that matters of public record would not be sent to the petitioner, but instead to counsel of record, who would inform the petitioner about any court action); **see also Burton**, 2017 WL 1149203, at *16 (holding "that the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) *does not apply* to *pro se* prisoner petitioners.") (emphasis in original).