J-A31027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANTHONY M. DAY | : | |
| | : | |
| Appellant | : | No. 815 EDA 2017 |

Appeal from the PCRA Order February 6, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0906051-2005

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 04, 2018**

Appellant, Anthony Day, appeals from the order entered February 6, 2017, dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On July 7, 2006, the trial court found Appellant guilty of rape by forcible compulsion, and other related offenses, as well as criminal charges with regard to Appellant's subsequent plot from prison to kill the victim.[1] This Court affirmed Appellant's judgment of sentence on March 11, 2010 and

---

[1] In August 2005, police arrested Appellant and charged him with rape by forcible compulsion and related offenses regarding an incident wherein Appellant drugged and raped his fourteen-year-old half-sister.  While incarcerated, Appellant solicited a fellow inmate to kill the victim.  The fellow inmate was a confidential informant to police and recorded their conversation.

---

*   Former Justice specially assigned to the Superior Court.

our Supreme Court denied further review. ***See Commonwealth v. Day***, 996 A.2d 540 (Pa. Super. 2010), *appeal denied*, 14 A.3d 823 (Pa. 2011).

On June 29, 2011, Appellant filed a *pro se* PCRA petition. Appointed counsel subsequently filed an amended PCRA petition. In May 2013, the PCRA court denied collateral relief, we affirmed that decision in March 2014, and our Supreme Court denied further review in September 2014. ***See Commonwealth v. Day***, 100 A.3d 316 (Pa. Super. 2014), *appeal denied*, 99 A.3d 75 (Pa. 2014).

Instantly, Appellant filed his second *pro se* PCRA petition on December 19, 2014. The PCRA court appointed counsel who filed an amended PCRA petition and supporting brief. The PCRA court denied relief by order entered on February 6, 2017, after giving formal notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. This timely appeal followed.

On appeal, Appellant claims that trial counsel was ineffective for failing to: (1) challenge statements Appellant made to police while detoxing from his oxycodone prescription; (2) contest the execution of a nighttime warrant, and; (3) seek the exclusion of the recording between Appellant and the confidential informant. Appellant's Brief at 9-11.

Our standard of review is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

> […A]ny PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed.

***Commonwealth v. Chester***, 163 A.3d 470, 472 (Pa. Super. 2017) (case citation omitted). Allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005). "However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i–iii) [in a PCRA petition] filed within 60 days of the date the claim could have been presented." ***Chester***, 163 A.3d at 473.

Here, our Supreme Court denied review of Appellant's judgment of sentence on March 11, 2010. Appellant's judgment of sentence became final on June 9, 2010, when the period for Appellant to file a petition for a writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct. R. 13(1). Appellant filed his second *pro se* PCRA petition on December 19, 2014, more than four years after his judgment of sentence became final. Thus, this PCRA petition is patently untimely. On appeal, Appellant does not invoke any of the three exceptions to the one-

year timeliness requirement of the PCRA.[2]  As such, the PCRA properly deemed Appellant's second *pro se* PCRA petition untimely and dismissed it for lack of jurisdiction.  We discern no abuse of discretion or error of law.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2018

_____

[2]  Before the PCRA court, Appellant "assert[ed] that his claim of actual innocence should [] equitably toll the [PCRA] one-year time limit and deem the petition timely, relying on **McQuiggin v. Perkins**, 133 S.Ct. 1924 (2013) and **Sclup v. Delo**, 513 U.S. 298 (1995)."  PCRA Court Opinion, 6/20/2017, at 3.  Appellant does not currently advance that claim on appeal.  Failure to develop an argument with citation to legal authority results in waiver under Pa.R.A.P. 2119.  Regardless, our Supreme Court has made clear that the "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar." **Robinson**, 139 A.3d 178, 185 (Pa. 2016).