J-S61044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL CHESTER, | : | |
| | : | |
| Appellant | : | No. 3521 EDA 2017 |

Appeal from the Judgment of Sentence July 19, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0016213-2008

BEFORE: BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 09, 2019**

Carl Chester appeals, *nunc pro tunc*, from the judgment of sentence imposed following the revocation of his probation. Appellant contends the trial court erred by denying him his right to allocution and by abusing its discretion in fashioning his sentence. As we conclude Appellant has failed to preserve any of these challenges on appeal, we affirm.

In late 2009, Appellant pled guilty to one count of possession with intent to deliver[1] ("PWID") marijuana. The trial court sentenced him to three years' probation. Shortly thereafter, Appellant was charged, and eventually convicted, of PWID and related offenses. These convictions triggered a probation violation hearing for his underlying PWID conviction. On July 19,

---

[1] 35 Pa.C.S.A. § 780-113(a)(30).

2011, the sentencing court revoked Appellant's probation and sentenced him to three to six years' imprisonment.

On August 2, 2011, Appellant filed an untimely motion to reconsider sentence, arguing only that the excessiveness of the sentence imposed after revocation required a new sentencing hearing. The trial court denied this motion;[2] however, Appellant alleged he was not informed of the trial court's decision on his motion until July 25, 2013. Therefore, on September 16, 2013, he filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA") seeking to have his appellate rights reinstated. Following an appeal to this Court,[3] the trial court reinstated his direct appeal rights *nunc pro tunc*. This timely appeal follows.

On appeal, Appellant presents the following issues for our review.

1. Whether the court was in error in that Appellant was not properly advised of his right of allocution[.]

_____

[2] It is likely the post-sentence motion is not in the certified record. The record only contains an order, which included separate signature lines for the sentencing judge to approve or disapprove the motion. The sentencing judge signed the disapproval line on August 8, 2011. However, the denial of this motion was never noted on the docket. It is an Appellant's duty to ensure that the certified record contains the information necessary to allow a complete assessment of the issues raised. **See Commonwealth v. Manley**, 985 A.2d 256, 263 (Pa. Super. 2009). Any issue that required preservation through the filing of a post-sentence motion is therefore waived. **See id**.

[3] **See Commonwealth v. Chester**, 163 A.3d 470, 475 (Pa. Super. 2017) (remanding for PCRA court to determine if Appellant properly invoked the newly-discovered fact exception to the PCRA; if so, ordering the PCRA court to reinstate Appellant's right to file a direct appeal, *nunc pro tunc*).

2. Whether the sentence imposed was unreasonable and manifestly excessive[.]

3. Whether the court erred by failing to order a presentence investigation prior to sentencing Appellant[.]

4. Whether the court was in error in not adequately considering Appellant's background, character, and rehabilitative needs and stating sufficient reasons on the record for imposing a new sentence[.]

Appellant's Brief, at 8 (issues reordered for ease of disposition).

First, Appellant contends the trial court erred by failing to properly advise him of his right of allocution. *See id*., at 17-18. While the trial court argues that Appellant did not preserve this issue, Appellant contends that the denial of the right of allocution creates a non-waivable challenge to the legality of sentence. *See id*. We disagree.

While "the right of allocution is of paramount importance," our courts have unequivocally held "that a denial of the right of allocution does not create a non-waivable challenge to the legality of sentence." *Commonwealth v. Jacobs*, 900 A.2d 368, 375-377 (Pa. Super. 2006) (*en banc*) (citations omitted). Instead, "like most legal errors, it is … waivable under Pennsylvania law." *Id*., at 377. Therefore, as the record reflects Appellant's failure to raise this issue with the trial court, this claim is not preserved for our review. *See* Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

Appellant's final three issues challenge the discretionary aspects of his sentence. "To preserve issues concerning the discretionary aspects of

sentencing, a defendant must raise them during sentencing or in a timely post-sentence motion." ***Commonwealth v. Feucht***, 955 A.2d 377, 383 (Pa. Super. 2008) (citations omitted). Appellant did not raise any challenges to the discretionary aspects of his sentence at his sentencing hearing. While he did file a post-sentence motion, it was untimely.[4] ***See*** Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence.") "An untimely post-sentence motion does not preserve issues on appeal." ***Commonwealth v. Wrecks***, 931 A.2d 717, 719-720 (Pa. Super. 2007) (citation omitted). Appellant has therefore waived his challenges to the discretionary aspects of sentencing. As Appellant has failed to preserve any issues for our review, we affirm the revocation court's sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/9/19

---

[4] Even if Appellant had timely filed his post-sentence motion, his failure to ensure the inclusion of the motion in the certified record would preclude us from finding this issue to be preserved for review.