J-A09014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RYAN NYE | |
| Appellant | No. 593 WDA 2020 |

Appeal from the PCRA Order entered May 7, 2020
In the Court of Common Pleas of Beaver County
Criminal Division at No: CP-04-CR-0002186-2015

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED:  June 10, 2021**

Appellant, Ryan Nye, appeals from the May 20, 2019 order entered in the Court of Common Pleas of Beaver County denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we vacate the order and remand to the PCRA court for proceedings consistent with this memorandum.

The PCRA court summarized the relevant background as follows:

On January 10, 2017, Appellant entered an open guilty plea to aggravated assault and persons not to possess firearms.  The trial court scheduled Appellant's sentencing hearing for March 1, 2017.

As the trial court noted, prior to sentencing (and while Appellant was represented by counsel, Louis W. Emmi, Esq.), Appellant filed a *pro se* motion to withdraw his guilty plea.  Further, during

_____

[*] Retired Senior Judge assigned to the Superior Court.

the scheduled March 1, 2017 hearing, Appellant restated his desire [to withdraw his guilty plea] in open court. As a result, the trial court did not proceed to sentencing and, instead, issued a rule upon the Commonwealth to show cause as to why Appellant's motion should not be granted.

On April 10, 2017, the trial court held a hearing on Appellant's motion to withdraw his plea. The trial court denied Appellant's motion on April 17, 2017 and, on May 1[5], 2017, the trial court sentenced Appellant to serve an aggregate term of 11½ to 30 years in prison for his convictions.

On May 24, 2017 – while Appellant was still represented by counsel – Appellant filed a *pro se* motion to withdraw his guilty plea. In accordance with Pennsylvania Rule of Criminal Procedure 576(A)(A), the prothonotary [accepted the document for filing and forwarded it to Appellant's trial counsel and the Commonwealth].

The trial court took no action on Appellant's *pro se* filing[.]

On May 26, 2017, Appellant's trial counsel petitioned the trial court for leave to withdraw, as Appellant's *pro se* post-sentence motion accused him of providing ineffective assistance by coercing Appellant's plea. The same day, the trial court granted counsel's petition to withdraw and, in the same order, appointed the public defender's office [William Braslawasce, Esq.] to represent Appellant.

Over three months later – on August 28, 2017 – Appellant's [privately retained] counsel[, Paul R. Gettleman, Esq.] filed a supplemental motion to withdraw his guilty plea. Within this motion, Appellant's counsel claimed that the case could not move forward because the trial court did not rule on Appellant's *pro se* post-sentence motion. The trial court then purported to issue an order on August 28, 2017, declaring that Appellant's motion to withdraw his guilty plea was denied.

[On September 5, 2017, Appellant appealed to our Court from] "the Order of [the trial court] dated August 28, 2017 denying the Petition to Withdraw Guilty Plea."

*Commonwealth v. Nye*, 1268 WDA 2017, at 1-3 (Pa. Super. filed July 27, 2018) (cleaned up).

We quashed Appellant's direct appeal for failure to timely appeal the underlying judgment of sentence.[1]  Specifically, we found that Appellant's *pro se* motion to withdraw his guilty plea was a legal nullity because Appellant filed it while he was still represented by counsel.  As such, the *pro se* motion did not affect the 30-day time limit to file a timely appeal.  Additionally, we found that the August 28, 2017 supplemental motion, filed more than three months after his judgment of sentence was pronounced, was untimely, and, therefore, unable to invoke our jurisdiction.  Accordingly, we quashed the direct appeal for lack of jurisdiction.  *Id.* at 5.

On May 14, 2019, Appellant filed the instant PCRA petition.  In it, Appellant argued that trial counsel was ineffective for several reasons, including for failing to "file a post sentence motion as well as filing an appeal with the Superior Court."  Appellant's PCRA Petition, 5/14/19, at 3 (unnumbered).  Despite being facially untimely,[2] Appellant did not address the timeliness of his petition.

_____

[1] On direct appeal Appellant argued that the trial court abused its discretion when it refused to allow Appellant to withdraw his guilty plea.  We did not address the merits of the contention because, as explained *infra*, the appeal was untimely.

[2] Appellant's judgment of sentence became final upon the expiration of the term to appeal to the Superior Court, *i.e.*, June 12, 2017.  Appellant had one
*(Footnote Continued Next Page)*

On July 12, 2019, the PCRA court appointed counsel (Sherri R. Hurst, Esq.) to assist Appellant in the PCRA proceedings.

On December 20, 2019, appointed PCRA counsel filed a petition to withdraw and a no merit letter with the PCRA court. Counsel represented that the instant PCRA petition did not meet any of the exceptions for timeliness and did not locate meritorious claims that could be included in a collateral attack to Appellant's sentence. *See* Petition to Withdraw and No Merit Letter, 12/20/19.

On December 27, 2019, the PCRA court filed a Rule 907 notice of intent of dismissing Appellant's PCRA petition for the reasons stated by counsel in the no merit letter.

In a letter[3] dated January 16, 2020 and addressed to the PCRA court, Appellant argued that the no merit letter was inadequate, included "boiler plate" statements, and failed to address how the abandonment of counsel affected the timeliness of the instant petition.

On January 22, 2020, Appellant filed a motion for leave to submit an amended PCRA petition followed by the actual amended PCRA petition. In

*(Footnote Continued)* ―――――――――――

year from that date to file a timely PCRA. The instant PCRA petition, which was filed on May 14, 2019, is, therefore, facially untimely.

[3] Appellant characterizes the letter as "Petitioner's response to court's intention to dismiss his petition for relief under the PCRA without hearing." Appellant, however, merely addressed the alleged inadequacy of counsel's no merit letter.

his amended PCRA petition, Appellant argued that the underlying PCRA petition was timely under the previously unknown fact exception, *i.e.*, counsel abandoned him.[4] Specifically, Appellant argued that had counsel not abandoned him, he would have been able to have the Superior Court review his claim that he was entitled to withdraw his guilty plea. Appellant argued that he learned of this unknown "fact" on March 26, 2019.

On May 7, 2020, the PCRA court dismissed the PCRA petition without a hearing and granted PCRA counsel's motion to withdraw.[5] This appeal followed.

In his Rule 1925(b) statement, Appellant argues that the PCRA court erred in failing to consider: (i) his motion for leave to amend his PCRA petition, and (ii) Appellant's response to the no merit letter and Rule 907 notice. Additionally, Appellant argues that the PCRA court should not have granted counsel's motion to withdraw because the underlying no merit letter was inadequate.

In its Rule 1925(a) opinion, the PCRA court reiterated that it properly dismissed Appellant's PCRA petition, noting that it "was filed nearly 11

---

[4] While Appellant filed the amended PCRA petition, it does not appear that the PCRA court ever granted Appellant's motion for leave to file said amended PCRA petition.

[5] The PCRA court did not specifically address at any time Appellant's motion for leave to submit an amended PCRA petition and/or the amended PCRA petition.

months beyond the required date and, so far as [the PCRA court] is capable of determining, the [p]etition fails to allege or prove any of the . . . statutory exceptions[.]" PCRA Court Opinion, 6/23/20, at 4.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v.** (**Frank**) **Chester**, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008).

As noted above, Appellant filed the instant petition on May 14, 2019, almost two years after his judgment of sentence became final. As such, the instant petition is facially untimely.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final."  42 Pa.C.S.A. § 9545(b)(1).  The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[6]

Here, Appellant argues he meets the requirements of the newly-discovered fact exception in Section 9545(b)(1)(ii).  This exception requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence.  ***See Commonwealth v. Burton***, 158 A.3d 618, 638 (Pa. 2017).  In ***Commonwealth v. Bennett***, 930 A.2d 1264 (Pa. 2007), our Supreme Court held that while "claims of ineffective assistance of counsel do not invoke the exception under section 9545(b)(1)(ii), and an allegation of abandonment by counsel falls within the ambit of that exception." ***Commonwealth v. (Carl) Chester***, 163 A.3d 470, 473 (Pa. Super. 2017).

_____

[6] Section 9545(b)(2) was recently amended to enlarge the deadline from sixty days to one year.  The amendment applies only to claims arising on or after December 24, 2017.  Here, although Appellant claims he learned of the abandonment on March 26, 2019, there is no record to establish when Appellant learned of the abandonment.  As such, we are unable to state which version of the statute is applicable here.

For purposes of Section 9545(b)(1)(ii), abandonment means complete deprivation of the petitioner's right to review by a court. **See Commonwealth v. Peterson**, 192 A.3d 1123, 1131 (Pa. 2018). Further, **Bennett** does not relieve a petitioner from exercising due diligence when discovering counsel's abandonment. **See Bennett**, 930 A.2d at 1274.

While Appellant's writings are replete with allegations of abandonment of counsel, Appellant failed to provide evidence of such abandonment. The mere fact that an appeal was not filed is not per se evidence of abandonment, as Appellant seems to allege. However, it is noteworthy that no action was taken by counsel upon receiving the *pro se* motion to withdraw the guilty plea from the trial court, or that no timely appeal was filed by counsel from the judgment of sentence.

Even more consequential for purposes of our review is the absence of any pleading (let alone proof) of the steps Appellant took to uncover counsel's abandonment.

Finally, it is unclear when Appellant learned of the abandonment. In his amended PCRA petition, Appellant states that he learned about the abandonment on March 26, 2019. **See** Petitioner's First Amended PCRA Petition for Post Conviction Relief, 1/22/20, at 2 (unnumbered). However, in a letter from Appellant to his counsel, dated November 16, 2018, Appellant acknowledges receipt of counsel's July 29, 2018 letter, "which addressed the Order from the Superior Court quashing the appeal." Letter, 11/16/18.

Thus, the record belies Appellant's allegation that he learned about the abandonment as of March 26, 2019. On the other hand, the November 16, 2018 letter is not itself determinative of when Appellant actually learned about the abandonment. It is possible that he learned about it at an earlier time.

Despite the above deficiencies, it is clear, however, that there are genuine issues concerning material facts that must be addressed by the PCRA court.[7] Specifically, the PCRA court must determine whether counsel abandoned Appellant, when Appellant learned of the abandonment, and what steps (if any) Appellant took to uncover the abandonment. **See** Pa.R.Crim.P. 907, 908; **see also Bennett**, 930 A.2d 1274 ("Such questions require further fact finding and the PCRA court, acting as fact finder, should determine whether [Appellant] met the 'proof' requirement under [section] 9545(b)(1)(ii)"). Should the PCRA court determine that Appellant properly invoked the exception, it shall reinstate Appellant's right to file a direct appeal, *nunc pro tunc*, and appoint new counsel. **See** (**Carl**) **Chester**, 163 A.2d at 475.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

_____

[7] Our review was further impaired by the Commonwealth's failure to file its brief, despite being granted an extension of time to do so.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/10/2021