J-S42010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL O. ANDREWS | : | |
| | : | |
| Appellant | : | No. 519 EDA 2023 |

Appeal from the PCRA Order Entered February 8, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1006871-1995

BEFORE: BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 29, 2023**

Michael O. Andrews appeals *pro se* from the order dismissing his serial PCRA petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

Appellant was sentenced to life imprisonment following his convictions for second-degree murder, robbery, and possession of an instrument of crime in connection with the 1995 shooting death of Jamal Pettus. Appellant's judgment of sentence became final in 2004 when his direct appeal was unsuccessful and he did not file a petition for allowance of appeal with our High Court. ***See Commonwealth v. Andrews***, 2019 WL 1223100, at *1 (Pa.Super. 2019) (unpublished memorandum).

Appellant filed his first counseled PCRA petition in 2005 and numerous more in the ensuing years, none of which merited him relief. In the case at bar, Appellant filed a *pro se* PCRA petition in March 2021 and then a

subsequent petition in July 2022. The PCRA court considered both, treating the latter as a "supplemental petition" added to the 2021 petition.[1] PCRA Court Opinion, 2/8/23, at 2. It ultimately found that the petition was untimely and that Appellant did not assert a valid timeliness exception. *Id*. at 2-3. Accordingly, the court dismissed the petition.

Appellant timely filed a notice of appeal to this Court, and both he and the PCRA court complied with Pa.R.A.P. 1925. Although Appellant presents five questions for our consideration, our review of the following query is dispositive: "Was Appellant's PCRA petition timely filed?" Appellant's brief at iv.

We begin with an evaluation of this issue, mindful of the following legal principles. Initially, we observe that "our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error." *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011). It is well-settled that the timeliness of a post-conviction petition is jurisdictional. *See Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa.Super. 2013). "Without jurisdiction, [a court] simply do[es] not have the legal authority to address the substantive claims." *Commonwealth v. Reid*, 235 A.3d 1124, 1143 (Pa. 2020) (cleaned up). A petition for relief under the PCRA, including a second or subsequent

---

[1] This Court has held that "nothing bars a PCRA court from considering a subsequent petition, even if a prior petition is pending, so long as the prior petition is not under appellate review." *Commonwealth v. Montgomery*, 181 A.3d 359, 364-65 (Pa.Super. 2018) (*en banc*).

petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to timeliness is satisfied. **See** 42 Pa.C.S. § 9545(b). Those exceptions relate to governmental interference with the presentation of the claim; newly-discovered facts; and a newly-recognized, retroactively applicable constitutional right. **See id**.

As discussed, Appellant's judgment of sentence became final in 2004, whereas his petition was filed in 2021. Hence, it is facially untimely and cannot be considered unless he pled and offered to prove one of the enumerated exceptions. Appellant first invoked the newly-discovered facts exception, contending that he discovered that Attorney James Bruno, counsel who represented Appellant regarding his first PCRA petition in 2005, was suspended from the practice of law in 2014 because of a mental illness and, therefore, abandoned him. **See** PCRA Petition, 3/16/21, at 3-4.

To establish the newly-discovered facts exception, "two components . . . must be alleged and proved. Namely, the petitioner must establish that (1) the facts upon which the claim was predicated were unknown and (2) could not have been ascertained by the exercise of due diligence." **Commonwealth v. Burton**, 158 A.3d 618, 628 (Pa. 2017) (cleaned up). "If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim." **Id**. (cleaned up). Further, we have held that "[a]n allegation of abandonment by counsel falls within the ambit of [this]

exception." ***Commonwealth v. Chester***, 163 A.3d 470, 473 (Pa.Super. 2017).

Our examination of the certified record reveals that Appellant knew of Attorney Bruno's suspension years before the filing of the instant PCRA petition. In a *pro se* PCRA petition filed in March 2015, Appellant attached as an exhibit a letter from the Pennsylvania Disciplinary Board detailing the reasons for Attorney Bruno's suspension. ***See*** PCRA Petition, 3/11/15, at 3, Exhibit A. Moreover, Appellant acknowledged receiving the letter about Attorney Bruno's suspension. ***Id.*** at 3. Hence, the facts upon which the claim was predicated were not unknown to Appellant at the time of filing the instant petition, and he has not demonstrated that this exception applies.

Next, Appellant invoked the newly-recognized constitutional right exception by relying on our Supreme Court's decision in ***Commonwealth v. Yale***, 249 A.3d 1001 (Pa. 2021). ***See*** Supplemental PCRA Petition, 7/25/22, at 3. Appellant averred that ***Yale*** created a right to present new evidence that someone else committed the crimes for which he is incarcerated. ***Id.*** In ***Yale***, the High Court held that the admissibility of evidence concerning third person guilt is not analyzed pursuant to Pa.R.E. 404(b). ***See Yale, supra*** at 1021. Our Supreme Court's determination in ***Yale***, however, cannot serve as a basis for jurisdiction over Appellant's PCRA claim pursuant to the newly-recognized constitutional right exception. As the High Court summarized:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the

Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively.

*Reid*, *supra* at 1154 (cleaned up).

Since neither Court has held that the right of a criminal defendant to present third person guilt evidence as recognized in *Yale* is both new and retroactively applicable, the decision does not provide a foundation for the newly-recognized constitutional right exception. Therefore, we conclude that Appellant has failed to plead and prove that he is entitled to the benefit of this exception. *See Commonwealth v. Taylor*, 283 A.3d 178, 188 (Pa. 2022) ("In the absence of such a preexisting holding, [petitioner] has failed to establish the applicability of the newly[-]recognized constitutional right exception[.]").

The PCRA court properly dismissed Appellant's petition as untimely, since "no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019). Accordingly, we do not reach the remainder of Appellant's claims and affirm the order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/29/2023