J-A07008-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTIN ESCOBEDO | : | |
| | : | |
| Appellant | : | No. 844 MDA 2025 |

Appeal from the Judgment of Sentence Entered May 21, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0003511-2024

BEFORE:  BOWES, J., DUBOW, J., and NEUMAN, J.

MEMORANDUM BY BOWES, J.:                **FILED: APRIL 9, 2026**

Martin Escobedo appeals from the judgment of sentence of one year of probation imposed following his conviction for resisting arrest.  We affirm.

During the early morning hours of August 28, 2024, Officers Eric Himmel and Roberto Jimenez of the City of Reading Police Department responded to a domestic disturbance.  *See* N.T. Bench Trial, 5/14/25, at 6-7, 22.  Upon arrival, in full uniform and a marked police vehicle, they observed Appellant on top of a prone female, striking her in the face.  *Id*. at 7-8, 22.  Officer Himmel tackled Appellant and landed on top of him.  *Id*. at 9-10, 24.  As Appellant began to flail his arms and feet, Officer Jimenez came to assist and sat on top of Appellant's upper body, grabbing his hands in an attempt to handcuff him.  *Id*. at 9-10, 14, 24, 26.  Meanwhile, Officer Himmel held Appellant's feet to the ground, but he continued to kick.  *Id*. at 10, 14.  The officers unsuccessfully ordered Appellant to stop fighting, at least twice, and

then endeavored to roll him on his side. *Id*. at 12, 25, 28. While doing so, Appellant tried to rise on all fours. *Id*. at 12, 25. It was not until Officer Jimenez stated that he was going to break Appellant's arm that he stopped struggling and allowed himself to be handcuffed. *Id*. at 25, 31. The foregoing was captured by both officers' bodycam footage.

Once Appellant was arrested, he was charged with several offenses. However, at the preliminary hearing, the Commonwealth dismissed all charges except for one count of resisting arrest. At the subsequent non-jury trial, the court heard testimony from the officers and viewed their bodycam footage before finding Appellant guilty. No post-sentence motions were filed.

Although Appellant was represented by counsel, he filed a *pro se* notice of appeal, attaching a self-authored Pa.R.A.P. 1925(b) statement. Therein, he stated that the weight of the evidence was against the verdict, and the trial court was biased against him. Counsel sought leave to withdraw in this Court, which we granted and remanded to the trial court to conduct a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). Upon determining that Appellant's choice to proceed *pro se* was knowing and voluntary, the court ordered him to file a new Rule 1925(b) statement, which he failed to do. Accordingly, in its Rule 1925(a) opinion, the court found all issues waived.

In his brief, Appellant raises a variety of arguments, including a challenge to the sufficiency of the evidence. However, Appellant's failure to timely file a Rule 1925(b) statement in response to the court's order results

in waiver of these issues. *See Commonwealth v. Chester*, 163 A.3d 470, 472 (Pa.Super. 2017) ("It is well-settled that an appellant's failure to comply with a trial court's Rule 1925(b) Order results in a waiver of all issues on appeal.").

We recognize that Appellant included what purported to be a concise statement in his *pro se* notice of appeal. However, that was a legal nullity because he was still represented by counsel at that time. *See Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010) (explaining that a *pro se* Rule 1925(b) statement is a legal nullity when an appellant is represented by counsel on appeal). Assuming that we could consider this as a Rule 1925(b) statement, the issues Appellant argues in his brief were not included in that statement. For example, he preserved a weight claim but now challenges the sufficiency of the evidence, which are two distinct claims. *See Commonwealth v. Juray*, 275 A.3d 1037, 1043 (Pa.Super. 2022) ("[A] sufficiency of the evidence review does not include an assessment of credibility of testimony offered by the Commonwealth. Instead, such arguments are more properly characterized as challenges to weight of evidence."). Even if we liberally construed Appellant's Rule 1925(b) filing as an attempt to indicate that he was planning to challenge the sufficiency of the evidence, he is not entitled to relief.[1]

---

[1] Appellant does not acknowledge that the trial court deemed all issues waived for the failure to file a Rule 1925(b) statement. Likewise, his reply brief neglects to respond to the Commonwealth's position that he waived all issues, except for sufficiency.

We review challenges to the sufficiency of the evidence *de novo*, and examine the record in a light most favorable to the Commonwealth. ***See Commonwealth v. Ransom***, 328 A.3d 1127, 1133 (Pa.Super. 2024). The offense of resisting arrest is defined as follows:

> A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S. § 5104. To sustain a conviction for this crime pursuant to a theory of substantial force, the Commonwealth must prove the following three elements: "(1) the defendant acts with the intent to prevent a lawful arrest; (2) using means requiring or justifying a use of force by police; and (3) the force required or justified is substantial." ***Commonwealth v. Crosby***, 329 A.3d 1141, 1149 (Pa. 2025).

The proper use of force is a "fact specific inquiry . . . best entrusted to trial courts and juries, which, as factfinders, are uniquely positioned to make such contextualized factual determinations." ***Id***. at 1150. Additionally, "[a] defendant's conviction does not depend upon the actual response of the police; it turns instead upon what response would have been required or justified by the defendant's own actions." ***Id***. at 1151.

The record bears out that (1) Appellant resisted the officers' attempt to place him under arrest, (2) he thrashed and tried to wriggle free from their hold, and (3) the force used to overcome that resistance was substantial. ***See***

- 4 -

***Crosby***, 329 A.3d at 1149. Specifically, upon witnessing Appellant repeatedly strike a female in the face, officers sprung to her aid and tackled Appellant. Since Officer Himmel could not subdue Appellant once on the ground, Officer Jimenez had to assist to attempt to gain control by sitting on Appellant's torso. Instead of acceding to the officers' repeated demands and succumbing to the physical restraint of his arms and legs, Appellant refused to comply, requiring two officers to effectuate apprehension. Accordingly, the evidence was sufficient to sustain Appellant's conviction for resisting arrest.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/09/2026