J-S25011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :
                v.                      :
                                :
                                :
ENDO DIAZ                        :
                                :
              Appellant       :      No. 2108 EDA 2022

Appeal from the PCRA Order Entered August 19, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000522-2017

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
                                :
                v.                      :
                                :
                                :
ENDO DIAZ                        :
                                :
              Appellant       :      No. 2109 EDA 2022

Appeal from the PCRA Order Entered August 19, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001840-2017

BEFORE:  NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:           **FILED AUGUST 23, 2023**

     Appellant Endo Diaz appeals from the order dismissing his first Post-Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant argues that trial counsel's abandonment of Appellant satisfies the newly discovered fact

---

[1] 42 Pa.C.S. §§ 9541-9546.

exception to the PCRA's one-year time-bar. Appellant also argues that trial counsel was ineffective for failing to file a direct appeal. We affirm.

On April 16, 2018, Appellant pled guilty to third-degree murder, conspiracy to commit murder, and possession of an instrument of crime (PIC)[2] at Docket No. 1840-2017. Appellant subsequently pled guilty to possession with intent to distribute a controlled substance (PWID)[3] at Docket No. 522-2017 on September 24, 2018. That same day, the trial court imposed an aggregate sentence of sixteen and one-half to thirty-three years' incarceration. James Berardinelli, Esq. (trial counsel) represented Appellant at the plea hearing and at sentencing. Appellant did not file any post-sentence motions or a direct appeal.

On November 2, 2020, Appellant filed a first *pro se* PCRA petition listing both trial court docket numbers. The PCRA court appointed PCRA counsel, who subsequently filed an amended PCRA petition on Appellant's behalf. Therein, Appellant claimed that he satisfied the newly discovered facts exception to the PCRA's one-year time bar. Am. PCRA Pet., 5/24/22, at 2 (unpaginated). Relevant to this appeal, Appellant also raised a substantive claim of ineffective assistance of counsel for failing to consult with Appellant about the filing of post-sentence motions or a direct appeal. *Id.* at 1-4 (unpaginated).

---

[2] 18 Pa.C.S. §§ 2502(c), 903(c), and 907 respectively.

[3] 35 P.S. § 780-113(a)(30).

The PCRA court held an evidentiary hearing on August 19, 2022. Appellant testified with the aid of a Spanish language interpreter. N.T. PCRA Hr'g, 8/19/22, at 3-5. Appellant explained that he is not fluent in the English language and throughout the guilty plea and sentencing process, he had the assistance of a Spanish language interpreter. *Id.* at 5-6. Appellant stated that after he was sentenced, he did not have any further contact with his trial counsel, and that he never tried to contact trial counsel. *Id.* at 6-7, 11-12. Appellant claimed that he filed his *pro se* PCRA petition about a week after a fellow Spanish-speaking inmate told him that he could appeal his sentence. *Id.* at 6-7. Appellant acknowledged that at the time of sentencing, he was informed that he had ten days to file a post-sentence motion and thirty days to file a notice of appeal. *Id.* at 9-10. Further, in its Pa.R.A.P. 1925(a) opinion, the PCRA court, which also presided over the plea hearing and the sentencing hearing, indicated that at sentencing, and under oath, Appellant unequivocally stated that he did not wish to appeal. Additionally, at sentencing, the court reviewed Appellant's appellate rights with him and informed Appellant that unless he contacted trial counsel, trial counsel would not file an appeal. Appellant refused the opportunity to speak with trial counsel after sentencing and thereafter did not attempt to contact trial counsel after sentencing. PCRA Ct. Op., 10/6/22, at 3; N.T. Sentencing Hr'g, 9/24/18, at 56-57; N.T. PCRA Hr'g, 8/19/22, at 9-12. Trial counsel testified that he explained the Commonwealth's plea offer to Appellant with the assistance of a Spanish language interpreter. N.T. PCRA Hr'g, 8/19/22, at 15-17. Trial

counsel recalled that after sentencing, he did not speak with Appellant further, and no one contacted him on Appellant's behalf regarding filing post-sentence motions or a direct appeal. *Id.* at 15-18.

At the conclusion of the hearing, the PCRA court dismissed Appellant's petition. *Id.* at 28. Appellant filed timely notices of appeal at each trial court docket number. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b). The PCRA court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises the following issues:

1. Did [Appellant's] PCRA petition satisfy the newly discovered facts exception to the PCRA's time bar?

2. Did [trial] counsel render ineffective assistance by failing to consult with [Appellant] during the thirty days immediately following the trial court's imposition of sentence?

Appellant's Brief at 5.

In his first issue, Appellant argues that he met the newly discovered fact exception to the PCRA's one-year time-bar. *Id.* at 10-13 (citing, *inter alia*, ***Commonwealth v. Chester***, 163 A.3d 470, 473 (Pa. Super. 2017)). Specifically, Appellant contends that trial counsel "abandoned [Appellant] by not consulting with him about his appellate rights during the time to file post-sentence motions and a notice of appeal[,]" and this resulted in the "'complete deprivation'" of his right to appellate review. *Id.* at 12 (citing ***Commonwealth v. Peterson***, 192 A.3d 1123, 1131 (Pa. 2018)). Appellant also asserts that he was diligent in discovering that trial counsel had abandoned him with respect to his direct appeal because Appellant was not

- 4 -

able to contact trial counsel to inquire about appealing his sentence and Appellant is not fluent in the English language. *Id.* at 13. Appellant claims that he promptly filed his PCRA petition after a Spanish-speaking inmate informed Appellant that he could have appealed his sentence. *Id.*

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered). "Moreover, it is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." *Commonwealth v. Lehman*, 275 A.3d 513, 520 n.5 (Pa. Super. 2022) (citations and quotation marks omitted)).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (stating that "Pennsylvania law makes clear that when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition" (citation and quotation marks omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's

judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id.*** at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. ***See*** 42 Pa.C.S. § 9545(b)(2).[4] "It is the petitioner's burden to

---

[4] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

plead and prove that one of the [timeliness] exceptions applies." ***Jones***, 54 A.3d at 17 (citation omitted and formatting altered).

To establish the newly discovered fact exception to the PCRA time bar, "the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction . . . under this subsection." ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (citations omitted and formatting altered). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

"Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Id.*** (citation omitted and formatting altered). However, Section 9545(b)(1)(ii) "does not require any merits analysis of an underlying after-discovered evidence claim." ***Id.*** at 177 (citation and footnote omitted); ***see also Bennett***, 930 A.2d at 1272.

Generally, claims of ineffective assistance of counsel do not constitute a "fact" for the purposes of invoking the newly discovered facts exception to the PCRA time-bar found in Section 9545(b)(1)(ii). ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 786 (Pa. 2000). In ***Bennett***, our Supreme

Court recognized an exception to *Gamboa-Taylor*'s general rule and held that counsel's abandonment of a client on direct appeal can constitute a "fact" for the purposes of Section 9545(b)(1)(ii). *Bennett*, 930 A.2d at 1274; *see also Chester*, 163 A.3d at 474 (applying *Bennett* and holding that the defendant "properly invoked the timeliness exception at section 9545(b)(1)(ii), by demonstrating that his counsel had abandoned him[]" by failing to file a requested direct appeal).

Subsequently, the Pennsylvania Supreme Court held that the *Bennett* exception to *Gamboa-Taylor*, and its progeny, applies to instances of instances "where PCRA counsel's ineffectiveness *per se* completely forecloses review of collateral claims." *Peterson*, 192 A.3d at 1130. The *Peterson* Court explained:

> Abandonment, . . . is only one form of ineffectiveness *per se*, and our decision in *Bennett* did not limit its application to instances of attorney abandonment. To the contrary, in *Bennett* we emphasized that the important distinction for purposes of application of the subsection 9545(b)(1)(ii) exception is whether counsel's alleged ineffectiveness results in a partial deprivation of review (*Gamboa-Taylor* and its progeny) or instead completely deprives his client of review. *See Bennett*, 930 A.2d at 1272-74.

*Id.* at 1131; *see also Commonwealth v. Parrish*, 273 A.3d 989, 1004 (Pa. 2022) (stating that "a showing that counsel failed to file a requested appeal is ineffectiveness *per se*, and prejudice is presumed without the need for proof because the circumstances are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified" (citation and quotation marks omitted). However, "[u]nlike cases involving a failure to file

a requested appeal for which prejudice is presumed, a failure to consult with the defendant does not constitute ineffectiveness *per se*." ***Parrish***, 273 A.3d at 1005.

Here, there is no dispute that Appellant's PCRA petition was facially untimely. Appellant's judgment of sentence became final on October 24, 2018, the date on which the time to file a direct appeal expired. ***See*** 42 Pa.C.S. § 9545(b)(3) (stating that the judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(c)(3) (providing that when no post-sentence motion has been filed, a notice of appeal to Superior Court must be filed within thirty days of the imposition of the judgment of sentence in open court). Appellant filed his *pro se* PCRA petition on November 2, 2020, more than a year after the one-year deadline for filing a facially timely PCRA petition expired on October 24, 2019. ***See*** 42 Pa.C.S. § 9545(b)(1).

Here, the PCRA court explained:

> On September 24, 2018, at sentencing, [Appellant] stated he did not want to appeal, and refused the opportunity to speak with [trial] counsel. N.T. 9/24/2018 at 56-57; N.T. 8/19/22 at 9-12. Even though this court informed [Appellant] that if he wanted to appeal he would need to contact his attorney, he admitted that he failed to contact [trial] counsel after sentencing. ***Id.*** [Trial] counsel, before sentencing, and this court, during sentencing, reviewed [Appellant's] appellate rights with [Appellant]. N.T. 9/24/2018 at 56-57; N.T. 8/19/22 at 9-21. [Appellant] changed his mind about appealing his sentence only after the period to file a notice of appeal had expired and failed to take any action in his case for over two years. N.T. 8/19/22 at 6-7. This petition is facially untimely and [Appellant] fails to establish any exception to the timeliness requirement.

PCRA Ct. Op. at 6 (some citations omitted and formatting altered).

On appeal, Appellant argues that trial counsel's failure to file a direct appeal is a newly discovered fact. Upon review, Appellant's boilerplate arguments seem to frame his claim of attorney abandonment as a failure of trial counsel to **consult** with him about filing a direct appeal. As noted previously, only a claim of ineffectiveness *per se* that completely deprives a petitioner of appellate review satisfies the newly discovered facts exception. *See Peterson*, 192 A.3d at 1130. In contrast, a counsel's failure to consult with a client about an appeal is not an instance of ineffective assistance *per se*. *See Parrish*, 273 A.3d at 1005. In any event, on this record, we agree with the PCRA court that Appellant's claims of attorney abandonment fail because counsel did not abandon him. At sentencing, Appellant stated he did not want to appeal, and refused the opportunity to speak with trial counsel. Even though Appellant was informed by the judge at sentencing that if he wanted to appeal, he would need to contact his attorney, Appellant admitted at the PCRA hearing that he failed to contact trial counsel after sentencing. *See* PCRA Ct. Op. at 6; N.T. Sentencing Hr'g, 9/24/18, at 56-57; N.T. PCRA Hr'g, 8/19/22, at 9-12. For these reasons, we conclude that Appellant has failed to plead and prove that trial counsel's failure to consult with him about filing post-sentence motions or an appeal was a newly discovered fact,

therefore no relief is due.[5]  **See Jones**, 54 A.3d at 17; **Gamboa-Taylor**, 753 A.2d at 786.  Accordingly, we affirm the PCRA court's order.

Order affirmed.  Jurisdiction relinquished.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/23/2023</u>

---

[5] Having concluded that Appellant's PCRA petition is untimely, we need not address his substantive claim of ineffective assistance of counsel.  **See Miller**, 102 A.3d at 992.