J-S21033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAYNE WARREN ROBERTS | : | |
| | : | |
| Appellant | : | No. 1721 MDA 2022 |

Appeal from the PCRA Order Entered November 22, 2022
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000793-2018

BEFORE:   BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                 **FILED: SEPTEMBER 20, 2023**

Wayne Warren Roberts appeals from the order that denied his Post Conviction Relief Act ("PCRA") petition as untimely.  We affirm.

On June 17, 2019, Appellant pled guilty to 113 offenses stemming from a crime spree in Myerstown, Pennsylvania, and the surrounding area of Lebanon County.  The same day, the court imposed a sentence of thirteen and one-half to thirty-six years in prison and fines of $2,150.  Appellant did not file a post-sentence motion or a direct appeal.

In May 2022, Appellant filed the instant *pro se* PCRA petition.  Counsel was appointed and filed an amended petition.  Thereafter, the PCRA court scheduled an evidentiary hearing to examine Appellant's substantive issues of

_____

[*] Retired Senior Judge assigned to the Superior Court.

ineffective assistance of counsel and an illegal sentence, as well as whether the PCRA petition was timely. Appellant was the sole witness. The PCRA court ultimately issued an order dismissing Appellant's PCRA petition as untimely. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents three issues for our consideration on appeal:

A) Whether the PCRA court erred and/or abused its discretion when it denied Appellant's PCRA petition as untimely.

B) Whether the PCRA court erred and/or abused its discretion when it failed to resentence the Appellant after Appellant established the fines imposed on the Appellant created an illegal sentence because the sentencing court did not determine the Appellant was able to pay said fines at the time of sentencing.

C) Whether the PCRA court erred and/or abused its discretion when it failed to issue a new trial or reinstate the Appellant's direct appeal rights after the Appellant established his guilty plea counsel was ineffective.

Appellant's brief at 4 (cleaned up).

We begin by reviewing the applicable legal principles. This Court has stated:

[W]e apply a *de novo* standard of review to the PCRA court's legal conclusions, and this Court may affirm a PCRA court's order on any legal basis. As to factual questions, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party in the lower court. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

***Commonwealth v. Howard***, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal

- 2 -

error." **Commonwealth v. Cruz**, **Jr**., 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). Furthermore, it is "an appellant's burden to persuade us that the PCRA court erred and that relief is due." **Commonwealth v. Stansbury**, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

It is well-settled that a PCRA petition must be filed in a timely fashion. **See Commonwealth v. Jackson**, 30 A.3d 516, 518 (Pa.Super. 2011). If a PCRA petition is untimely, "no court has jurisdiction to hear [it]." **Commonwealth v. Ballance**, 203 A.3d 1027, 1031 (Pa.Super. 2019). The PCRA provides: "Any petition . . . including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). Three exceptions exist to this one-year time-bar: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa.Super. 2012) (cleaned up).

With these principles in mind, we consider whether the PCRA court correctly determined that Appellant's PCRA petition was untimely. Appellant's judgment of sentence became final on July 17, 2019, thirty days after he entered his guilty plea and failed to file a direct appeal. To comply with the PCRA's timeliness requirements, Appellant had to file the instant petition by

July 17, 2020. Hence, the PCRA petition filed in May 2022 is facially untimely unless Appellant pled and proved one of the enumerated exceptions.[1]

As Appellant pled the newly-discovered facts exception, the following principles are relevant to our review:[2]

> [T]wo components . . . must be alleged and proved. Namely, the petitioner must establish that (1) the facts upon which the claim was predicated were unknown and (2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim.

---

[1] Our Supreme Court set forth exceptions to the timely filing requirements from March 19, 2020 to May 8, 2020 due to the Covid-19 pandemic. **See Commonwealth v. Jones**, 281 A.3d 1053, 2022 WL 2048400, at *4 (Pa.Super. 2022) (non-precedential decision) (explaining, when "the PCRA deadline [falls] **after** the extended May 11, 2020, deadline for pleadings, the emergency order [does] not apply.") (emphasis in original). Since Appellant's period to file a timely PCRA petition expired in July 2020, our Supreme Court's Covid-19 emergency stay order filed March 16, 2020 has no bearing on our calculation.

[2] Appellant's *pro se* petition asserted the newly-discovered facts exception to the PCRA time bar based on plea counsel's alleged abandonment. **See** *Pro Se* PCRA Petition, 5/6/22, at 3. While the counseled petition neglected to revive this exception, the PCRA court implicitly permitted a subsequent amendment through its examination of timeliness during the hearing and its discussion of Appellant's exception in its well-reasoned opinion. **See Commonwealth v. Mason**, 130 A.3d 601, 627 (Pa. 2015) ("[T]he court shall freely grant leave to amend where doing so achieves substantial justice consistent with the dictates of Pa.R.C.P. 905(A)"). The PCRA court's review of Appellant's exception in this case embodies the purpose of the rule permitting liberal amendments, which our Supreme Court explained was to provide petitioners "a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal." **Commonwealth v. McGill**, 832 A.2d 1014, 1024 (Pa. 2003).

*Commonwealth v. Burton*, 158 A.3d 618, 628 (Pa. 2017) (cleaned up). "An allegation of abandonment by counsel falls within the ambit of [this] exception." *Commonwealth v. Chester*, 163 A.3d 470, 473 (Pa.Super. 2017). A petition invoking one of the timeliness exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

The PCRA court did not err in determining that Appellant was not entitled to relief. The following facts presented at the evidentiary hearing are germane to our determination. In June 2019, Appellant mailed a letter to plea counsel requesting that he withdraw his guilty plea or file post-sentence motions to have his sentence reduced. Two months later, Appellant sent another letter to plea counsel, again asking about post-sentence motions. In September, unbeknownst to Appellant, plea counsel was suspended from the practice of law for misconduct unrelated to Appellant's case.[3] Appellant mailed another letter to counsel in October requesting an update on the status of the post-sentence motions. The next month, Appellant sent his final letter to counsel, again inquiring about the status of his post-sentence motions and requesting a copy of his sentencing order. Counsel failed to respond to any of these

---

[3] Appellant states that his last contact with his plea counsel came in September 2019, when he assisted him on an unrelated matter. *See* Appellant's brief at 6.

inquiries. *See* N.T. PCRA Hearing, 10/7/22, at 8-16; Amended PCRA Petition, 6/30/22, at Exhibits A-D.

Appellant contends that "[s]ometime in the end of 2020 [he] contacted the Office of Disciplinary Counsel and learned that [his] guilty plea counsel had been suspended from the practice of law for failing to file legal pleadings for his clients."[4]  Appellant's brief at 6*.*  Further, Appellant asserts that he could not have learned about his counsel's abandonment and suspension earlier because he had no access to the prison's law library or other facilities at the prison because of the Covid-19 pandemic. *See* N.T. PCRA Hearing, 10/7/22, at 15.

In dismissing the petition as time-barred, the PCRA court concluded that Appellant did not establish that he exercised due diligence to discover plea counsel's abandonment.  The court reasoned that Appellant should have ascertained that plea counsel was not acting on his behalf by December 2019, at the latest, after counsel failed to respond to Appellant's letters. *See* PCRA Court Opinion, 11/22/22, at 10.  Moreover, the court opined, "[s]tated simply,

_____

[4] There is some confusion as to whether Appellant discovered counsel's suspension in late 2020 or late 2021.  The *pro se* and amended PCRA petitions indicate that he learned of the suspension in November 2021. *See* Amended PCRA Petition, 6/30/22, at 2; *Pro Se* PCRA Petition, 5/6/22, at 4.  However, Appellant referred to both periods when he testified at the PCRA hearing. *See* N.T. PCRA Hearing, 10/7/22, at 14, 20.  On appeal, the PCRA court, Appellant, and the Commonwealth all refer to late 2020 as the date when Appellant became aware of his guilty plea counsel's abandonment. *See* PCRA Court Opinion, 11/22/22, at 3, 10; Appellant's brief at 6; Commonwealth's brief at 2-3.

[Appellant] sat on his legal options for too long. The consequence for the [Appellant's] tardiness is that we cannot now consider his PCRA arguments." *Id*. at 11 (cleaned up).

The PCRA court's determination is supported by the certified record. From the time that Appellant mailed his final letter to guilty plea counsel in November 2019, there is no evidence in the certified record of any action undertaken by Appellant on his behalf until he filed the instant *pro se* PCRA petition in May 2022. While Appellant contacted the Disciplinary Board to inquire about plea counsel, he did not present any evidence to establish the date he initiated this communication. Consequently, there is scant indication that Appellant diligently acted to protect his interests.

This Court has held that "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015). Regardless of whether Appellant learned of the suspension of his plea counsel in 2020 or 2021, our due diligence analysis remains unchanged. While the 2021 discovery would mean that Appellant satisfied § 9545(b)(2) by filing the PCRA petition within a one-year period of learning of counsel's abandonment, it would also mean that Appellant's failure to exercise due diligence spanned a two-year period between his last attempted communication with counsel in November 2019 and the November 2021 discovery of counsel's suspension.

In that vein, we are also unconvinced by Appellant's arguments that the Covid-19 prison restrictions completely prevented him from learning information about his counsel's abandonment and filing his petition.[5] This Court has noted that those claiming exceptions because of the Covid-19 pandemic must aver allegations supported by evidence. ***See e.g.***, ***Commonwealth v. Lee***, 292 A.3d 1066, 2023 WL 19249, at *3 (Pa.Super. 2023) (non-precedential decision) ("[O]ther than [unsubstantiated] allegations, Appellant fails to provide any evidence that he was prevented from accessing the library materials."). Similarly, in the instant case, while Appellant argues that he had no access to the prison law library for a year-and-one-half, he neglected to provide evidence such as notices or directives from the prison that validate these claims. ***See*** N.T. PCRA Hearing, 10/7/22, at 15.

Furthermore, Appellant does not assert whether he attempted "to access services to file his petition and if those attempts were denied." ***Commonwealth v. Areralo***, 281 A.3d 1051, 2022 WL 2047116, at *5 (Pa.Super. 2022) (non-precedential decision) (cleaned up). In a similar situation concerning the effect of pandemic-related restrictions, we explained:

---

[5] After examining relevant case law, we did not find any binding authority with a similar fact pattern that implicates Covid-19 restrictions. Thus, we review this issue in light of several non-precedential memoranda that we may cite for their persuasive value under Pa.R.A.P. 126(b).

> [Appellant] does not [describe] how any alleged limited access to the prison law library during [Covid]-19 inhibited his ability to file a timely PCRA. This is so, particularly where form PCRAs are readily available to petitioners; where no research is required to complete the form PCRA, sign it, and deliver it to authorities for mailing; and where the [c]ourts are given latitude in deeming even non-conventional filings after judgments of sentence become final as PCRAs.

*Commonwealth v. Cruz*, 290 A.3d 681, 2022 WL 17687850, at *2 (Pa.Super. 2022) (non-precedential decision) (cleaned up). In another case where an appellant alleged that Covid-19 restrictions prevented him from timely filing a PCRA, we held that "allegations of restrictions on access to law libraries or legal resources do not completely prevent an inmate from preparing legal filings." *Commonwealth v. Miller*, 296 A.3d 605, 2023 WL 2489952, at *6 (Pa.Super. 2023) (non-precedential decision). As in the foregoing cases, herein Appellant provided inadequate evidence to the PCRA court to support the contention that the restrictions precluded him from filing the PCRA petition or impeded his attempt to make an earlier inquiry with the Disciplinary Board that would have produced the information about his counsel's abandonment. *See* N.T. PCRA Hearing, 10/7/22, at 18-19.

Since Appellant's petition was untimely, we do not reach the merits of his claims of ineffective assistance of counsel for failing to pursue post-sentence relief and illegal sentence.[6] *See e.g.*, *Commonwealth v.*

_____

[6] To the extent that Appellant argues in his brief that prison officials interfered with his ability to file his PCRA petition, the claim is waived because he never
*(Footnote Continued Next Page)*

*Hernandez*, 79 A.3d 649, 654-55 (Pa.Super. 2013) (no jurisdiction to hear an ineffective assistance of counsel claim because of an untimely PCRA); *Commonwealth v. Fahy*, 737 A.3d 214, 223 (Pa. 1999) (no jurisdiction to consider an illegal sentencing claim because of an untimely PCRA). Likewise, having found that Appellant's petition was barred by the PCRA time requirements, neither the PCRA court nor this Court has authority to address the merits of his request to reinstate his direct appeal rights *nunc pro tunc*. *See Commonwealth v. Hall*, 771 A.2d 1232, 1236 (Pa. 2001); *Commonwealth v. Turner*, 73 A.3d 1283, 1285 (Pa.Super. 2013) ("Where a petitioner fails to satisfy the timeliness requirements of the PCRA, the PCRA court and this Court have no jurisdiction to review the petition by fashioning an equitable exception to timeliness.").

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2023

---

pled the governmental interference exception in either his *pro se* or counseled petition. *See* 42 Pa.C.S. § 9545(b)(1)(i).

- 10 -